396 So.2d 391 (1981)
Willie FINCH
v.
W. Wayne LAKE, Jr., et al.
No. 14000.
Court of Appeal of Louisiana, First Circuit.
March 2, 1981.
Constant G. Marquer, Jr., New Orleans, for plaintiff.
Henry B. Alsorbrook, Jr., and Harold A. Thomas, New Orleans, for defendants W. Wayne Lake, Jr., and The Hartford Ins. Co.
*392 Charles A. Boggs, New Orleans, for Seventh Ward General Hospital.
James K. Irvin, New Orleans, for W. Wayne Lake, Jr.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
This is a medical malpractice suit. The plaintiff is Willie Finch. The defendants are Dr. W. Wayne Lake, Jr.; The Hartford Insurance Company, the doctor's insurer; Seventh Ward General Hospital and its insurer, given in the petition as ABC Insurance Company. The defendants' exception of prescription was sustained by the trial judge. From a judgment dismissing his suit, plaintiff appeals. We reverse and remand for amendment of pleadings.
The present action is one brought by Willie Finch against the defendants, alleging medical malpractice due to a pulmonary function study performed by Seventh Ward General Hospital on August 23, 1976. The suit was filed on February 22, 1980, more than one year after the alleged malpractice.
The applicable statute on prescription in medical malpractice cases is LSA-R.S. 9:5628, which provides in pertinent part as follows:
"A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect."
The general rule is that where plaintiff's petition shows on its face that the prescriptive period has run, and plaintiff is contending that there was a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption. Hunter v. Sisters of Charity of the Incarnate Word, 236 So.2d 565 (La. App. 1 Cir. 1970); see also Duhon v. Saloom, 323 So.2d 202 (La.App. 3 Cir. 1975), writ refused, 325 So.2d 794 (La.1976).
In the instant case the plaintiff's alleged tort occurred on or about August 23, 1976, and suit was not filed until February 22, 1980. Since plaintiff's claim appears prescribed on its face, plaintiff bears the burden of showing suspension or interruption of prescription.
At the hearing on the exception no testimony or other evidence was introduced. Thus, apparently the plea of prescription was tried on the face of the pleadings. The record is barren of proof of any of the allegations made by the plaintiff.
However, we note that in his petition the plaintiff alleges the failure of the defendants "to adequately perform pulmonary function studies tests," but gives no date concerning this omission. The only other date given in the record is that of October 29, 1979, which is alleged to be the date of the trial of a matter entitled "Willie Finch v. Delta Field Erection, et al.," No. 51,425 on the docket of the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana, and alleged to be the date on which plaintiff discovered that "The pulmonary function study listed his weight at 135 lbs. when in effect [fact] his actual weight was 235 lbs., thereby causing a discrepancy in the normalcy of the pulmonary function studies." See Cordova v. Hartford Accident & Indemnity Company, 387 So.2d 574 (La.1980).
While we uphold the ruling of the trial court on the exception itself, we find that it erred in refusing to allow the plaintiff an opportunity to amend his pleadings so as to come within the prescriptive period if he can. When the ground of exception can be removed by amendment, the trial court must allow the plaintiff an opportunity to amend. LSA-C.C.P. art. 934; H & H *393 Boat Rental, Inc. v. Vidos, 225 So.2d 308 (La.App. 1 Cir. 1969).
Accordingly, we concur in the decision of the trial court sustaining the exception of prescription, reverse its dismissal, and remand to allow the plaintiff fifteen days from the date of finality hereof to amend his petition.
Costs of this appeal are assessed against the appellant, Willie Finch; costs in the trial court must await final disposition of the case.
REVERSED AND REMANDED.