11 TERRI F. LOVE, Judge.
This case arises from a medical malpractice action in which the trial court granted appellees Motion for Involuntary Dismissal finding appellant had not met the requisite burden of proof. It is from this judgment appellant appeals.
FACTS AND PROCEDURAL HISTORY
On September 16, 1988, Mr. Edward James Tucker (hereinafter “Mr. Tucker”) underwent a vasectomy performed by Dr. Jerry W. Sullivan, M.D. (hereinafter “Dr. Sullivan”) who was an employee of the State of Louisiana at the time of the procedure. During the vasectomy operation, Dr. Sullivan removed 9.8 and 9.3 centimeters respectively, of Mr. Tucker’s vas de-ferens.[1] Approximately two months following the operation, Mr. Tucker began to experience pain in his groin area. Mr. Tucker described it as a low-grade pain that would arise periodically. The inconsistent nature of the pain caused Mr. Tucker to attribute it to something he had eaten or other prostate problems he suffered from previously.
This low-grade pain in the groin area continued until June 1990, at which time it escalated and became more severe and constant during a trip to New Orleans from his home in Thibodeaux, Louisiana. The severity of the pain forced Mr. Tucker to consult Dr. Walter Levy (hereinafter “Dr. Levy”), a urologist whose | ¡..practice is in Metairie, Louisiana. Dr. Levy informed Mr. Tucker that his pain was the result of an infected prostate and prescribed antibiotics. Mr. Tucker completed the prescribed cycle of antibiotics and his pain subsided.
In November 1990, Mr. Tucker began to suffer from severe pain again and was brought to the emergency room of United Medical Hospital in New Orleans. During his visit to the emergency room,- the physician on call referred Mr. Tucker to Dr. Levie Johnson (hereinafter “Dr. Johnson”) of the Evans Clinic. After evaluating Mr. Tucker’s condition, Dr. Johnson concluded that the pain was not related to Mr. Tucker’s prostate, but instead was related to the vasectomy procedure performed by Dr. Sullivan. Based upon this conclusion, Dr. Johnson referred Mr. Tucker to Dr. Francisco Jaramillo, whose specialty was urology, in order to obtain a second opinion.
In January 1991, Mr. Tucker visited Dr. Jaramillo based upon the referral of Dr. Johnson. Dr. Jaramillo diagnosed Mr. Tucker with an epididymis obstruction, *859 which Dr. Jaramillo related to the vasectomy that he had undergone in 1988.
Following his consultation with Dr. Jar-amillo, Mr. Tucker, in conjunction with his wife, Mrs. Ursula Tucker (hereinafter “Mrs. Tucker”), filed a claim of Medical Malpractice with the Commissioner of Administration on June 7, 1991. Following the Medical Review Panel procedure, Mr. and Mrs. Tucker filed their petition for damages against Dr. Sullivan on July 16, 1998. In response, Dr. Sullivan filed an Exception of Prescription, which the trial court granted. The trial court granted the exception based upon the presumption that on the face of the claim the matter had prescribed because Mr. Tucker filed his claim more than one | syear from the date of his surgery. Although, the trial court noted “when a suit has facially prescribed the burden shifts to the plaintiff to establish facts sufficient to excuse the delay.” Finch v. Lake, 396 So.2d 391 (La.App. 1st Cir.1981).
Mr. and Mrs. Tucker filed a Motion for a New Trial asserting facts to support the delay in their filing of the malpractice suit. Based upon these assertions the trial court granted the motion. After a rehearing, the trial court denied Dr. Sullivan’s Exception of Prescription. In response, Dr. Sullivan filed an Exception of No Cause of Action in August 2000.
Mr. and Mrs. Tucker filed a Third Party Demand naming the State of Louisiana (hereinafter “the State”) as a defendant. Subsequently, on motion by Mr. and Mrs. Tucker, Dr. Sullivan was dismissed from the lawsuit with prejudice.
In October of 2000, the third party defendant, the State, filed an Exception of Prescription, which the trial court denied. Subsequently, the State sought a supervisory writ of the trial court’s ruling from this Court. This Court affirmed the trial court’s denial of the exception and the State sought writs to the Supreme Court, which were denied.
On May 10, 2004, the trial commenced. At the close of evidence offered by Mr. Tucker, the State made two oral motions in open court, an Exception of Prescription and a Motion for Involuntary Dismissal pursuant to La. C.C.P. art. 1672(B). In its Oral Reasons for Judgment, the trial court stated “... there was not sufficient evidence in the record where the plaintiff has shown that the pain and subsequent problems that Mr. Tucker had following the vasectomy that was performed by Dr. Sullivan were caused by the vasectomy procedure.” Ultimately, the trial court denied the State’s Exception of Prescription and granted its Motion for Involuntary Dismissal.
Lit is from this granting of the Motion for Involuntary Dismissal that Mr. and Mrs. Tucker filed this timely appeal.

Standard of Review

An appellate court can only reverse a fact finder’s determination when: (1) it finds from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) it further determines that the record established the findings are manifestly erroneous. Stobart v. State Through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). In applying this standard, the appellate court must not determine whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Id. at 880. If the fact finder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if it would have weighed the evidence differently as the trier of fact. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/01/97), 696 So.2d 551.

*860
First Assignment of Eiror

In their initial assignment of error, appellants assert the trial court erred in finding that appellants did not prove by a preponderance of the evidence that the injuries suffered by Mr. Tucker were a result of the medical malpractice of Dr. Sullivan. Specifically, Mr. Tucker asserts that Dr. Sullivan negligently performed the vasectomy procedure.
In a medical malpractice claim the plaintiff bears the burden of proving that there was malpractice on the part of the doctor and that this malpractice is the proximate cause of the plaintiffs injuries. As set forth in LSA-R.S. 9:2794(A):
“In a medical malpractice action baséd on the negligence of a physician ..., the plaintiff shall have the burden of proving: .
|B1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... within the involved medical specialty.
2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care, the plaintiff suffered injuries that would not otherwise have been incurred.”
Barre v. Nadell, 94-1883 (La.App. 4 Cir. 06/07/95); 657 So.2d 514.
The plaintiffs must show, the injuries were a proximate cause of the breach of the standard of care. In Re: Vicki Abdo, 2002-2513 (La.App. 4 Cir. 07/09/03); 852 So.2d 513.
In the case sub judice, the trial court correctly determined, after a review of the evidence presented, that Dr. Sullivan’s negligence was not proven by a preponderance of the evidence. Great deference is given to the trier of fact who is the original evaluator, of the evidence presented. Based upon that evidence the court concluded that the negligence of Dr. Sullivan was not proven to be the proximate cause of the injuries suffered by Mr. Tucker and in light of its reasonableness we will defer to the trial courts judgment.
In making its determination the trial court heavily relied upon the expert testimony presented by both parties, giving both equal weight. In its oral reasons for judgment, the trial court referenced the testimonies of Drs. Duncan and Bridges. Dr. Duncan, an expert witness for the plaintiff, on cross-examination testified that chronic pain occurs in approximately 1 in 5,000 to 1 in 10,000 vasectomies. He further recognized that chronic pain could occur and is a risk in any vasectomy procedure regardless of the amount of vas de-ferens that is removed.
| ^Further Dr. Bridges, an expert for the State and Mr. Tucker’s treating urologist, discussed that chronic recurrent testicular pain, or ■ chronic orchialgia, and chronic granulomatous epididymitis, are potential long-term complications of vasectomies. Dr. Bridges further stated that Mr. Tucker could have had the exact same pain, chronic epididymitis, if he had only had 1 cm of vas deferens removed. He explained that the complications that developed could have occurred from the procedure in itself, the nature of the operation, which is the vasectomy.
As stated in Kelly v. Housing Authority of New Orleans, the motion for involuntary dismissal, pursuant to La. C.C.P. Art. 1672(B), should be granted only if the plaintiff fails to prove his case by a preponderance of the evidence .... and if all evidence, both direct and circumstantial, *861 taken as a whole, must show that the causation or fact sought to be proved is more probable than not.” Kelly v. Housing Authority of New Orleans, 2002-0624 (La.App. 4 Cir. 8/14/02), 826 So.2d 571, 574-575.
As previously stated the plaintiff in a medical malpractice action carriers the burden of proof as it relates to proving negligence and the casual connection to the victims injuries. Mr. Tucker failed to show his injuries were a direct result of the manner in which the vasectomy procedure was performed by Dr. Sullivan. Although, it was shown that pain could result from the very nature of the procedure, the mere presence of Mr. Tucker’s pain did not serve as proof of Dr. Sullivan’s negligence. Here the trial court determined the appellant did not satisfy his burden of proof in presenting the court with a causal link between the alleged negligence of Dr. Sullivan and the resulting pain of Mr. Tucker following the vasectomy procedure. Therefore, the trial court concluded the negligence of Dr. Sullivan was not proven to be the proximate cause of Mr. Tucker’s injuries.
|7In supporting a claim of medical malpractice it is by a preponderance of the evidence that the plaintiff must substantiate the defendant “lacked the requisite degree of skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.” LSA-R.S. 9:2794(A). And further that “as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care, the plaintiff suffered injuries that would not otherwise have been incurred.” Id. After careful review of the record, we find the trial court correctly applied this standard and was not manifestly erroneous in finding that the alleged negligence of Dr. Sullivam was not the proximate cause of Mr. Tucker’s injuries. We do not find that the trial court erred in opining that there was no causal connection by either doctor relating the alleged act of negligence to Dr. Sullivan with the injuries sustained by Mr. Tucker. In light of the expert, testimony given by both plaintiffs expert and defendant’s expert that Mr. Tucker’s pain could have happened regardless of the type of vasectomy procedure that was performed, we find the trial court was not manifestly erroneous in its conclusion that the proximate cause of Mr. Tucker’s injuries were not proven by a preponderance of the evidence presented.

Second Assignment of Error

Appellate review of a question of law is simply a decision as to whether the trial court’s decision is legally correct or incorrect. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99), 732 So.2d 699. If the trial court’s decision was based on its erroneous application of law, rather than on a valid exercise of discretion, its decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). When an appellate court finds that a reversible error of law was made in the lower court, it|Rmust redetermine the facts de novo from the entire record and render a judgment on the merits. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993).
In appellant’s second assignment of error they assert the trial court erred in finding that the injuries complained of could have occurred regardless of the type of vasectomy procedure that was performed; therefore precluding a finding of causation between the malpractice by Dr. Sullivan and the injuries to Mr. Tucker.
In granting the State’s Motion for Involuntary Dismissal the trial court stated its reasons in open court:
“Mr. Stanley, even given Dr. Duncan’s testimony as to whether or not Dr. Sullivan breached the standard of care, in *862 his opinion, Dr. Sullivan didn’t, giving his testimony equal weight with all of the expert testimony in this case, what evidence is there by preponderance that the injuries that Mr. Tucker sustained were caused by the vasectomy? Because he even said that the problems that Mr. Tucker complained of could have occurred regardless of the amount of vas deferens removed and could have occurred at any vasectomy procedure, regardless of the technique used, that is a known risk associated with vasectomies. .. .And that’s where my problem lies, in reading both depositions, there was no causal relationship by either doctor relating the alleged act of negligence to Dr. Sullivan with the injuries sustained by Mr. Tucker. That both doctors said it could have happened regardless of the type of vasectomy or procedure that was performed.”
The plaintiff has the burden of proving a causal relationship between the injuries suffered and the medical malpractice of the doctor in question. In the case sub judice the proper causation standard was applied, requiring Mr. Tucker to present to the court evidence that the injuries he suffered were a proximate cause of the negligent action of Dr. Sullivan. The trial court concluded he failed. We find no reversible error of law was committed by the trial court, but instead a discretionary review of the evidence presented. Based upon this Court’s prevailing standard of 19review, we may only disturb a trial court judgment, if there decision is one that is not legally correct or a reversible error of law. In the case sub judice, after careful review of the record before us, we find the trial court made no such error of law. The causal link between Mr. Tucker’s pain and the alleged negligence of Dr. Sullivan was not drawn by the evidence presented by Mr. Tucker; therefore Mr. Tucker did not meet his burden of proof.
The trial courts decision is further supported by the Supreme Court in Cangelosi v. Our Lady of the Lake Regional Medical Center. Here the court stated:
“... the plaintiff in this type of action (medical malpractice) must produce evidence from which the factfinder can reasonably conclude that his injuries, more probable than not, were caused by the negligence of the particular Defendant. The plaintiff, however, does not have to conclusively exclude all other possible explanations for his injuries, because the standard of proof is not beyond a reasonable doubt.”
Cangelosi v. Our Lady of the Lake Regional Medical Center, 564 So.2d 654, 664 (La.1989).
The trial court required Mr. Tucker to present evidence that would allow the court to reasonably conclude that his injuries were the product of negligence. We find the trial court reasonably determined that Mr. Tucker failed to show that his injuries were the result of Dr. Sullivan’s negligence and not a reasonable risk of the nature of surgical procedure.

Third Assignment of Error

Mr. and Mrs. Tucker further assert in their third and final assignment of error that the trial court erred in requiring that plaintiffs prove causation with a degree of medical certainty. We find. this assignment of error without merit. The | intrial court on numerous occasions stated the plaintiffs needed to prove the causal connection between the injuries and negligence by a preponderance of the evidence. The requirement of proving negligence to a degree of medical certainty was not applied. In the present case the parties were required to prove the causal relationship between the alleged negligence of Dr. Sullivan and the pain of Mr. Tucker by a preponderance of the evidence, which is *863 the applicable standard. Therefore, the trial court did not commit error in its application of the standard of review and its decision was a reasonable one in light of the evidence presented.

DECREE

For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. A duct or canal conveying liquid such as semen. STEDMAN’S MEDICAL DICTIONARY 1908 (26th ed.1995)