TERRI F. LOVE, Judge.
11 This appeal arises from a dispute regarding interim spousal support agreed upon in a consent judgment. After making payments for over three years, plaintiff filed a motion to dismiss his ex-wife’s rule to establish final spousal support based on abandonment, which the trial court granted. Defendant then filed a motion to set aside the dismissal. The trial court granted the motion to set aside, and ordered plaintiff to continue paying the interim spousal support. We find that the plaintiffs payments were conditional pending trial. Therefore, the payments did not constitute an acknowledgment, which would interrupt the abandonment period. Thus, the defendant’s rule to establish final periodic support was abandoned. As such, the trial court erred by granting defendant’s motion to set aside dismissal. We reverse the judgment of the trial court, and render.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Nathan Gordon and Simone Anderson Gordon were married on September 29, 1996. On July 28, 2009, Mr. Gordon filed a Petition for Divorce pursuant to La. C.C. art. 102, alleging abuse from his wife. A Judgment of Divorce was rendered on June 4, 2010. On February 22, 2011, Mrs. Gordon filed a Rule to Establish Final Periodic Spousal Support. On September 29, 2011, the parties entered into a consent judgment, wherein Mr. Gordon agreed to pay Mrs. Gordon |¾$300 a month as the “interim order of spousal support” pending the trial on the Rule for Final Spousal Support. Mr. Gordon consistently made payments except for a few occasions. Whenever Mr. Gordon missed a payment, counsel for Mrs. Gordon threatened to have him held in contempt, which prompted payment. Mrs. Gordon never brought her Rule to Establish Final Periodic Spousal Support to trial.
On April 20, 2015, Mr. Gordon filed an Ex Parte Motion For Dismissal on Grounds of Abandonment of Mrs. Gordon’s Rule to Establish Final Periodic Support. The trial court dismissed Mrs. Gordon’s Rule to Establish Final Periodic Support as abandoned. Mrs. Gordon then filed a Motion to Set Aside Order of Dismissal, which the trial court granted.[1] The trial court also ordered Mr. Gordon to pay Mrs. Gordon all outstanding support. Mr. Gordon’s motion for a devolutive appeal followed.
Mr. Gordon contends that the trial court erred by setting aside the dismissal and by ordering him to pay support to Mrs. Gordon.

STANDARD OF REVIEW

Appellate courts review the trial court’s factual findings with the manifest error/clearly wrong standard of review. Hall v. Folger Coffee Co., 03-1734, p. 9 (La.4/14/04), 874 So.2d 90, 98. This pre- *689 eludes the setting aside of a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Id. “[A] reviewing court may not merely decide if it would have found "the facts of the case differently.” Id. “Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of factlsshould not be disturbed upon review where conflict exists in the testimony.” Stobart v. State through Dep’t of Transp. & Dev., 617 So.2d 880, 882 (La.1993).
“The manifest error standard of review also applies to mixed questions of law and fact.” A.S. v. D.S., 14-1098, p. 10 (La.App. 4 Cir. 4/8/15), 165 So.3d 247, 254.
Legal issues are reviewed with the de novo standard of review. Harper v. State ex rel. Its Dep’t of Health & Hosps., 14-0110, p. 7 (La.App. 4 Cir. 9/9/15), 176 So.3d 479, 486. Additionally, “[w]hen the law is erroneously applied by the trial court, the de novo standard of review is also used.” Id. “Whether an action has been abandoned is a question of law; thus the standard of review of the appellate court is simply to determine if the trial court’s decision was correct.” Heirs of Simoneaux v. B-P Amoco, 13-0760, p. 3 (La.App. 4 Cir. 2/5/14), 131 So.3d 1128, 1130.

INTERIM SPOUSAL SUPPORT

Mr. Gordon contends that the trial court erred by setting aside the previous ruling finding that Mrs. Gordon’s Rule to Establish Final Periodic Spousal Support as abandoned.
La. C.C.P. art. 561 provides that “[a]n action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” “There are three requirements imposed by Art. 561 to avoid abandonment: 1) a party must take a step toward the prosecution or defense of the action; 2) the .step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record; and 3) the step must be taken within three years of the last step taken by either party.” Heirs of Simoneaux, 13-0760, pp. 3-4, 131 So.3d at 1130-31. “A ‘step’ is a formal action before the court | ¿intended to hasten the suit towards judgment or is the taking of formal discovery.” Heirs of Simoneaux, 13-0760, p. 4, 131 So.3d at 1131. “‘Extrajudicial efforts,’ such as informal settlement negotiations between parties, have repeatedly been held to be insufficient to constitute a step in the prosecution of the action.” Louisiana Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C., 11-0912, p. 7 (La.12/6/11), 79 So.3d 978, 982. “[M]ultiple appellate courts have found informal correspondence between parties regarding discovery matters is not a step sufficient to interrupt abandonment.” Id.
There are two .jurisprudentially recognized exceptions - to abandonment. “The first exception is based on the doctrine of contra non valentem, and applies where the plaintiff is prevented by circumstances beyond his control from prosecuting a case.” Heirs of Simoneaux, 13-0760, p. 4,131 So.3d at 1131. “The second exception applies where the defendant has waived his right to assert abandonment by taking actions inconsistent with an intent to consider the case abandoned.” Id.
The issue in the matter sub judice is whether Mr. Gordon’s pre- and post-abandonment tenders of spousal support payments constituted a waiver pursuant to the second exception to the rules of abandonment. An acknowledgment can constitute a waiver. Clark v. State Farm Mut. Auto. *690 Ins. Co., 00-3010, p. 15 (La.5/15/01), 785 So.2d 779, 789, The Louisiana Supreme Court held that “[a]n acknowledgment is ⅛ simple admission of liability resulting in the interruption of prescription-that has commenced to run, but not accrued, and may be made on an infomal basis’” Clark, 00-3010, pp. 19-20, 785 So.2d at 792, quoting Lima v. Schmidt, 595 So.2d 624, 634 (La.1992). (emphasis supplied). Further, the Court found that unconditional tenders can constitute acknowledgments, Clark, 00-3010, pp. 21-22, 785 So.2d at 792-93. The Clark court cited to reasoning in Lima v. Schmidt, 595 So.2d 624, 634 (La.1992), that “[a] tacit acknowledgment occurs when- a debtor .performs acts, of reparation pr indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability.” “Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments.” Lima, 595 So.2d at 634. Further, “our courts have recognized that mere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgment.” Id. ■
The Clark court held that a defendant making unconditional tenders to prevent the assessment of penalties and fees at the conclusion of the case was interrupting the running of the abandonment period. Clark, 00-3010, p. 21, 785 So.2d at 793. The Court reasoned that the “substantive effect that flowed' from defendant’s tender ... would defy the jurisprudential principle dictating that courts consider substance over form in determining . abandonment issues’!. if the Court failed “to recognize the tender as an interruption of the abandonment- period.” Clark, 00-3010, p. 21, 785 So.2d at 792-93. Further, -the Court opined that “[e]q-uity dictates recognizing the tender as an acknowledgment and thus within the waiver exception, which results-in an interruption of abandonment and a recommencement of the abandonment period from the date of the tender.” Clark, 00-3010, p. 21, 785 So.2d at 793.
We find the holdings of Clark instructional, but the facts distinguishable. Unlike the defendant in Clark, Mr. Gordon tendered conditional payments. That is, Mr. Gordon’s payments would not lull Mrs, Gordon into believing he would not | (¡contest her Rule to Establish Final Periodic Support because his payments were based on the conditions of the consent judgment: that the payments would be, made only pending the trial. The parties never intended that the payments agreed to in the consent judgment would occur indefinitely.[2] Additionally, the parties agreed fi'om the beginning that the trial court would make a determination as to Mrs. Gordon’s final spousal support at the trial. Therefore, we find that Mr. Gordon’s payments were conditional tenders pending trial. Accordingly, Mr. Gordon’s mere recognition of the consent judgment by tendering conditional payments was not an acknowledgment that interrupts the abandonment period. As such, we find that the trial court erred by granting Mrs. Gordon’s Motion to Set Aside Order of Dismissal. Mrs., Gordon’s claims were abandoned. Therefore, the judgment of the trial court is reversed.

DECREE

For the above-mentioned reasons, we find that Mr. Gordon’s payments constitut *691 ed conditional tenders, which did not serve as an acknowledgment interrupting the abandonment period. As such, the trial court erred by granting Mrs. Gordon’s Motion to Set Aside Dismissal, as her claims are abandoned. The trial court’s judgment is reversed.
REVERSED AND RENDERED

. The record does not contain reasons for the trial court’s judgment or a transcript from which reasoning can be inferred.

, This Court notes Mrs. Gordon’s assertion that Mr. Gordon waived the right to raise abandonment because he kept making the payments. However, whenever Mr. Gordon failed to pay, he was threatened with contempt charges by opposing counsel because he was paying in conjunction with the consent judgment.