| TERENCE ST. GERMAIN | * | NO. 2019-CA-0067 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| LESLEY SIMMONS ST. GERMAIN | * | FOURTH CIRCUIT |
| | * | |
| | * | STATE OF LOUISIANA |

* * * * * * *

| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
| TERENCE ST. GERMAIN | NO. 2019-CA-0068 |
| VERSUS | |
| LESLEY SIMMONS A/K/A LESLEY ST. GERMAIN | |
| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
| LESLEY ST. GERMAIN | NO. 2019-CA-0069 |
| VERSUS | |
| TERENCE ST. GERMAIN | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2005-12590, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Paula A. Brown, Judge Dale N. Atkins)

Michael A. Rosenblatt
ATTORNEY AT LAW
211 Derbigny Street
Gretna, LA 70053


COUNSEL FOR PLAINTIFF/APPELLEE

Edith H. Morris
Suzanne Ecuyer Bayle
Bernadette R. Lee
Sheila H. Willis
MORRIS LEE & BAYLE, L.L.C.
1515 Poydras Street, Suite 1420
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**
**SEPTEMBER 11, 2019**

The instant appeal arises from the trial court granting of Terence St. Germain's ("Mr. St. Germain") rule for contempt finding Lesley St. Germain ("Ms. St. Germain") in contempt of court for failing to abide by the trial court's orders to provide all pertinent information related to the health, education, and welfare of the parties' minor child. The record and testimonial evidence demonstrates that Ms. St. Germain knew she had a statutory and court-ordered obligation to confer with Mr. St. Germain, and nevertheless, Ms. St. Germain admitted at trial that she disregarded the trial court's orders. Ms. St. Germain admitted that she selectively provided information to Mr. St. Germain, refused or failed to provide information, or failed to timely provide information. Therefore, we find no manifest error in the trial court's finding that Ms. St. Germain intentionally and knowingly disobeyed the trial court's orders. In so finding, we also find no abuse of the trial court's discretion in imposing sanctions, including awarding Mr. St. Germain appropriate attorney's fees and costs. Accordingly, we affirm the trial court's judgment that granted Mr. St. Germain's rule for contempt and found Ms. St. Germain in constructive contempt of court.

## *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Mr. and Ms. St. Germain have engaged in extensive litigation for over ten years regarding the custody of their minor child. In September 2016, Ms. St. Germain was designated the primary domiciliary parent with supervised visitation to Mr. St. Germain. The record indicates that the parties' minor child struggled with authority, peer relationships, poor school attendance, and anxiety and panic attacks. The trial court issued multiple judgments to facilitate better communication between the parties throughout the course of litigation and to ensure both parties were involved in the decision-making as it relates to their minor child and her well-being.

The subject of this appeal is Mr. St. Germain's rule for contempt filed in June 2018 and the subsequent supplemental rule for contempt, which allege that Ms. St. Germain failed to comply with three judgments issued by the trial court including: (1) a February 21, 2018 judgment rendered in open court, and signed in July 2018, requiring Ms. St. Germain to share all information pertaining to the selection and enrollment of the minor child in a school or therapeutic school, including the identity of persons assisting her in that process; (2) an April 4, 2018 judgment stating Mr. St. Germain is entitled to unfettered and unlimited access to any and all information pertaining to the care of the child and that he also be provided with routine progress information; and (3) an August 15, 2018 judgment ordering the parties to return to Counsel NOLA immediately to resume Mr. St. Germain's supervised visitation.

Mr. St. Germain alleged that by virtue of having joint legal custody of the parties' minor child, Ms. St. Germain had a statutory and court-ordered obligation to confer with him about decisions regarding the health, education, and welfare of

their minor child. Despite the mandates of the trial court, Ms. St. Germain intentionally and knowingly disregarded them.

A hearing on Mr. St. Germain's rule for contempt and supplemental rule for contempt was held in July 2018 wherein both parties offered extensive testimony. The trial court took the matter under advisement and rendered judgment with reasons on October 12, 2018. The trial court granted Mr. St. Germain's rule for contempt, finding Ms. St. Germain in constructive contempt of court for her failure and refusal to abide by the trial court's February and April 2018 judgments. The trial court imposed a fine of $300 and awarded Mr. St. Germain attorney's fees and court costs against Ms. St. Germain in the amount of $10,725 and $47, respectively. Additionally, the trial court granted in part Mr. St. Germain's supplemental rule for contempt only with respect to Ms. St. Germain's failure or refusal to immediately sign the documents required by Counsel NOLA, as ordered in open court on August 15, 2018.

Ms. St. Germain timely files this appeal, seeking review of the trial court's October 2018 ruling granting Mr. St. Germain's rule for contempt and granting in part his supplemental rule for contempt.

### STANDARD OF REVIEW

Appellate courts review a trial court's finding of contempt for manifest error. *State through Dep't of Children & Family Servs. Child Support Enforcement v. Knapp*, 16-0979, p. 11 (La. App. 4 Cir. 4/12/17), 216 So.3d 130, 139 (citing *Jaligam v. Pochampally*, 14-0724, p. 5 (La. App. 4 Cir. 2/11/15), 162 So.3d 464, 467.

Contempt of court is defined as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the

3

court or respect for its authority." La. C.C.P. art. 221. There are two types of contempt, direct and constructive. Here, the trial court found Ms. St. Germain in constructive contempt. Pursuant to La. C.C.P. art. 224(2), the "[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court" constitutes constructive contempt of court. In order for the trial court to find the accused in constructive contempt of court, the trial court must find that the accused "violated an order of the court 'intentionally, purposely, and without justifiable excuse.'" *Knapp*, 16-0979, p. 13, 216 So.3d at 140. (quoting *Burst v. Schmolke*, 10-1036, p. 6 (La. App. 4 Cir. 4/6/11), 62 So.3d 829, 833). "The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order and the court's decision should be reversed only when the appellate court discerns an abuse of that discretion." *Id.*, 16-0979, p. 13-14, 216 So.3d at 140. Ms. St. Germain seeks to have the trial court's ruling finding her in contempt of court for failing to abide by the trial court's February, April, and August 2018 judgments vacated on appeal.

### *DISCUSSION*

*Rendition of February Judgment in Open Court*

Before addressing the substantive claims raised on appeal, we address first Ms. St. Germain's claim that while the February 21, 2018 judgment was rendered in open court, the judgment can only be enforced from the date it is reduced to writing and signed by the trial judge. The written judgment was not signed until July 12, 2018, and therefore, she contends she cannot be held in contempt for failing to follow an order of the court until after the order was signed on July 12, 2018. We disagree.

On February 21, 2018, the parties appeared on Mr. St. Germain's motion to

4

modify custody and rule for contempt as well as Ms. St. Germain's motion to compel discovery. The judgment at issue was an interlocutory judgment as it did not determine the merits of the underlying cause of action. La. C.C.P. art. 1841. Pursuant to La. C.C.P. art. 1914, the rendition of an interlocutory judgment in open court constitutes notice to all the parties. Thus, notice of signing of the judgment is not required for the trial court's order to be enforceable. *See Chambers v. Ortho Pharmaceutical Corp.*, 383 So.2d 46 (La. App. 3rd Cir. 1980) (finding interlocutory order requiring party to answer certain interrogatories was rendered in open court, no notice was necessary to the party even though notice was requested).

Furthermore, the parties do not dispute that the trial court rendered judgment in open court or that the trial court expressly ordered Ms. St. Germain to "share with [Mr. St. Germain] all information pertaining to the selection and/or enrollment of the minor child in school or therapeutic school, including but not limited to the name of the person or persons retained or utilized by Ms. St. Germain to assist her in finding a school or facility." Additionally, Ms. St. Germain admitted at the trial on the present rule for contempt that she understood she was obligated to follow the trial court's order at the time it was issued in open court. Therefore, we find no merit to this argument.

*Failure to Abide by February and April 2018 Judgments*

Next, Ms. St. Germain contends that the trial court committed manifest error in its determination that she wilfully disobeyed its February 2018 judgment regarding the sharing of information pertaining to the minor child's selection and enrollment in a school or therapeutic school, in addition to the identity of persons assisting her in that process. Ms. St. Germain avers that the trial court abused its

5

discretion when it held her in contempt of court based on this finding. She similarly challenges the April 2018 judgment which stated that:

> [Mr. St. Germain] be entitled to unfettered and unlimited access to any and all information pertaining to the care of the child […] and the facility, Blue Ridge Therapeutic Wilderness: Wilderness Therapy Program in Georgia. This includes, but is not limited to, the packet of information given at the time of entering the facility.

As noted above, Ms. St. Germain knew she was obligated to follow the trial court's February 2018 order at the time it was issued in open court. She admitted at trial that she was aware of the trial court's order directing her to share information regarding the selection process. Nevertheless, Ms. St. Germain acknowledged that she did not inform Mr. St. Germain that she was considering sending their daughter to Blue Ridge, a residential therapeutic program in Georgia. Nor did she inform Mr. St. Germain about the child's placement at Blue Ridge until a few days before she was scheduled to attend. Ms. St. Germain also revealed she did not tell Mr. St. Germain about the third party agency she hired to transport their daughter from Louisiana to the therapeutic program in Georgia.

At trial, she defended her decision to not share information about Blue Ridge with Mr. St. Germain, testifying that everything was happening quickly, and she was trying to do what was best for their daughter. Still, she was ordered pursuant to both the February and April 2018 judgments to provide unfettered and unlimited access to all information about their daughter and Blue Ridge, and she failed to do so. The trial testimony reveals further that Ms. St. Germain did not inform Mr. St. Germain that she had been in contact with an educational consultant before the February 2018 judgment and after the judgment. Nor did Ms. St. Germain apprise Mr. St. Germain of her hiring of Brenda Loringer of Eduplanner to help her find a suitable place for the minor child.

6

Ms. St. Germain testified at trial that she was "reticent" to tell Mr. St. Germain about Blue Ridge because "[h]e doesn't want to pay" and that he has a history of interfering. Moreover, Ms. St. Germain admitted she was considering other out of state therapeutic facilities and schools at that time, but never offered the names, information about the facilities, or what information she had provided to them, if any, to Mr. St. Germain.

Evidence was also presented that the minor child was sent to summer camp in North Carolina; however, she did not stay. Ms. St. Germain's testimony established that she failed to tell Mr. St. Germain that their daughter was no longer attending summer camp until several days after she had already left. Ms. St. Germain testified, "I didn't need to tell him."

In another instance, when the minor child failed to return home one day, Ms. St. Germain made efforts to find her daughter when the minor child failed to respond to her phone calls and text messages. Testimony was presented that Ms. St. Germain contacted the minor child's friends as well as their parents, the minor child's designated attorney, as well as the police. However, at no point during her efforts to locate her daughter did Ms. St. Germain notify Mr. St. Germain that their child was missing. Mr. St. Germain testified that he learned that his daughter was missing from one of the parents that Ms. St. Germain had contacted a day earlier. Mr. St. Germain testified that it was he, who contacted Ms. St. Germain to find out what was happening. Mr. St. Germain testified that she did not initially respond when he contacted her. Once it was learned that the minor child was in Baton Rouge, Ms. St. Germain refused to provide Mr. St. Germain information regarding the specifics of their daughter's location. Ms. St. Germain would not say with whom their daughter was with in Baton Rouge; she only indicated that the minor

7

child was safe.

While Ms. St. Germain testified that it was appropriate for her to call the police, contact her daughter's attorney, and have others assist in locating her daughter, she did not find it necessary to inform her child's father. Ms. St. Germain stated that because someone else called him, albeit the next day, and told him that his daughter was missing, "I didn't need to." She justified her decision to not inform Mr. St. Germain, claiming that in the past Mr. St. Germain never returned his phone calls, so she did not see a reason to contact him.

Mr. St. Germain also alleged in his rule for contempt that Ms. St. Germain did not inform him that their daughter was withdrawn from the school she was attending on October 23, 2017, until November 7, 2017. At trial, the Dean of Students at the minor child's school testified that the child had a number of absences which led to her withdrawal on October 23, 2017. Ms. St. Germain acknowledged the school absences and explained that her daughter was being bullied on social media by her fellow classmates. Consequently, the minor child did not want to attend school.

*Failure to Abide by the August 2018 Judgment*

Finally, on August 15, 2018, the trial court ordered Ms. St. Germain to return immediately to Counsel NOLA, the counseling service designated to facilitate supervised visitation with Mr. St. Germain and the minor child. In order for supervised visitation to occur, Counsel NOLA required certain paperwork to be completed and signed. At trial, Ms. St. Germain acknowledged that she was aware that the paperwork was necessary to begin supervised visitation. Moreover, despite knowing what was required and the trial court's order and admonishment in open court, Ms. St. Germain admitted that she refused to sign the paperwork

8

until twelve days after she was told to do so immediately.

*Trial Court's Factual Findings*

After extensive testimony and arguments presented by the parties, the trial court rendered a written judgment granting Mr. St. Germain's rule for contempt and granted in part his supplemental rule for contempt and imposed sanctions against Ms. St. Germain. Pursuant to La. R.S. 9:336, "[j]oint custody obligates the parents to exchange information concerning the health, education, and welfare of the child and to confer with one another in exercising decision-making authority." In addition to Ms. St. Germain's statutory obligation, the trial court issued specific orders for the exchange of information relating to the parties' minor child in three judgments in February, April, and August of 2018. Thus, Ms. St. Germain had both a statutory and court-ordered obligation to confer with Mr. St. Germain about the health, education, and welfare of the minor child. After considering the testimony, the trial court found Ms. St. Germain "implicitly admitted" that prior to the August 15, 2018 judgment rendered in open court that she failed to comply with the trial court's orders. The trial court found:

> [Ms. St. Germain] selectively provided some information to Mr. St. Germain regarding the minor child and refused or failed to provide other information, or failed to provide it timely. As this Court previously instructed her on record, Ms. St. Germain does not get to qualify which information to share with Mr. St. Germain and which information not to share. The fact that Mr. St. Germain has to go out of his way to obtain information which Ms. St. Germain fails or refuses to provide him (timely), does not excuse her statutory and court-ordered duty to keep him informed about the health, education, and welfare of the minor child that they share together.

In *Gordon v. Gordon*, this Court explained that "[a]ppellate courts review the trial court's factual findings with the manifest error/clearly wrong standard of review." *Id.*, 16-0008, p. 2 (La. App. 4 Cir. 6/8/16), 195 So.3d 687, 688 (internal

9

citations omitted). Thus, the appellate court may not set aside the district court's "finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety." *Id.*,16-0008, p. 2, 195 So.3d at 688-89. Further, we noted that an appellate court "may not merely decide if it would have found the facts of the case differently. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony." *Id.* (internal citation omitted). *See also Knapp*, 16-0979, p. 16, 216 So.3d at 141-42.

After reviewing the record and extensive testimony in this case, we cannot say the trial court was manifestly erroneous. By Ms. St. Germain's own testimony and admission, she refused to confer with, failed to provide, or failed to provide timely information about the health, education, and welfare of their minor child. We find the record establishes a reasonable basis upon which the trial court could find Ms. St. Germain willfully disobeyed the trial court's February, April, and August judgments and was in constructive contempt of court when she failed to provide information and confer with Mr. St. Germain on decisions relating to the health, education and welfare of their minor child.

### SANCTIONS

Finally, we address the trial court's judgment insofar as it imposes sanctions and awards attorney's fees and costs.[1] Pursuant to La. R.S. 13:4611(1)(d)(i), the district court may punish a person adjudged guilty of contempt of court "by a fine of not more than five hundred dollars, or imprisonment for not more than three

---

[1] Ms. St. Germain does not specifically address or assign as error the trial court's imposition of sanctions in its October 2018 judgment.

10

months, or both." The statute further provides that the court may award attorney's fees to the prevailing party in a contempt action. La. R.S. 13:4611(1)(g). Having determined that the trial court did not err in finding Ms. St. Germain in contempt of court for violating the trial court's February, April and August judgments, we find it was not an abuse of the trial court's discretion to impose sanctions in the amount of $300 and award attorney's fees and costs to Mr. St. Germain in the amount of $10,725 and $47, respectively.

## *CONCLUSION*

After reviewing the record and extensive testimony in this case, we cannot say the trial court was manifestly erroneous. By Ms. St. Germain's own admission, she refused to confer with, failed to provide, or failed to provide timely information about the health, education, and welfare of their minor child. We find the record establishes a reasonable basis upon which the trial court could find Ms. St. Germain willfully disobeyed the trial court's February, April, and August judgments and was in constructive contempt of court when she failed to provide information and confer with Mr. St. Germain about decisions relating to the health, education, and welfare of their minor child.

Considering we find the trial court did not err in finding Ms. St. Germain in constructive contempt of court, we also find it was no abuse of the trial court's discretion to impose sanctions and award attorney's fees and costs against Ms. St. Germain pursuant to La. R.S. 13:4611(1)(d)(i) and (1)(g).

## *DECREE*

For the foregoing reasons, we affirm the trial court's October 12, 2018 judgment.

**AFFIRMED**

11