ALBERTINE BILLIZONE     *     NO. 2022-C-0419

VERSUS     *

    COURT OF APPEAL

JOSEPH P. LOPINTO, III,     *
SHERIFF OF THE PARISH OF     FOURTH CIRCUIT
JEFFERSON AND JUSTIN     *
JERRY     STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-01770, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Pro Tempore Judge Madeline Jasmine**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Pro Tempore Judge Madeline Jasmine)


Kenneth C. Fonte
Edmund W. Golden
John A. Kopfinger, Jr.
Golden & Fonte
One Galleria Blvd., Suite 1822
Metairie, LA 70001


       COUNSEL FOR RELATORS/ JOSEPH P. LOPINTO, III, SHERIFF OF
       THE PARISH OF JEFFERSON AND JUSTIN JERRY


Michael I. Rodriguez
3542 Canal Street
New Orleans, LA 70119


       COUNSEL FOR RESPONDENT/ALBERTINE BILLIZONE


                 **WRIT GRANTED; RELIEF DENIED**
                            **JULY 20, 2022**

*MJ*

*RLB*

*RML*

In this auto tort action, Defendants Joseph Lopinto, III, Jefferson Parish Sheriff, and Detective Justin Jerry ("Det. Jerry") (collectively "Relators"), seek review of the trial court's June 2, 2022 judgment denying their declinatory exception of insufficiency of service of process and peremptory exception of prescription. We find no manifest error in the trial court's conclusion that good cause existed for why service was not perfected within ninety days of filing the petition. Additionally, in that the Relators' exception of prescription relied upon the merits of the exception of insufficiency of service of process, we find no error in the trial court's denial of the exception of prescription. Accordingly, the Relators' application for supervisory review is granted; however, relief is denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Albertine Billizone ("Respondent") filed her original petition on February 26, 2021 based upon an alleged March 2, 2020 collision with defendant,

1

Det. Jerry, an alleged employee of the Jefferson Parish Sheriff's Office. The petition requested service on the Jefferson Parish Sheriff's office, through the Parish President. The petition also requested service upon Justin Jerry at:

> 1614 Hesio*n* Street
> Metairie, LA 70005

(Emphasis added).

Although service on Det. Jerry was attempted at "1614 HESION STREET," the sheriff was unable to serve the citation and petition. On July 15, 2021, Respondent dismissed her claims against the Jefferson Parish Sheriff's Office. She reserved "all rights against the defendants, JOSEPH P. LOPINTO, III, SHERIFF OF THE PARISH OF JEFFERSON and JUSTIN JERRY."

Respondent filed a first amended petition on July 2, 2021, naming Joseph P. Lopinto, III as a defendant. Respondent requested service on Sheriff Lopinto as well as service of both the original petition and the first amended petition on Det. Jerry at:

> 1614 Hesio*d* Street
> Metairie, LA 70005

(Emphasis added). Five attempts were made to serve Det. Jerry between July 29, 2021 and August 5, 2021, without success.

On October 7, 2021, the trial court granted Respondent's motion to appoint a special process server to serve Jerry. The special process server served Jerry with the original petition on October 15, 2021.

Relators filed their exceptions of insufficiency of service of process and prescription on November 29, 2021. On January 27, 2022, Respondent filed her opposition in the trial court. The trial court heard the exceptions on May 20, 2022.

### STANDARD OF REVIEW

2

This Court reviews the dismissal of an action for failure to timely request service for manifest error. *Llopis v. Louisiana State Bd. of Dentistry*, 15-0659, p. 5 (La. App. 4 Cir. 6/11/14), 143 So.3d 1211, 1214. The denial of such relief should also be reviewed for manifest error. However, legal errors are subject to *de novo* review. *See Gordon v. Gordon*, 16-0008, p. 3 (La. App. 4 Cir. 6/8/16), 195 So.3d 687, 689.

Additionally, a judgment granting an exception of prescription presents a legal issue, and is reviewed *de novo*. *Scott v. Zaheri*, 14-0726, p. 8 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 785. However, when evidence is introduced with the exception, factual determinations are reviewed for manifest error. *Id.*

## DISCUSSION

Generally, La. C.C.P. art. 1201(C) requires, in pertinent part, that service of a "citation" be requested "within ninety days of commencement of an action." In suits in which the State is a named party, La. R.S. 13:5107 sets forth the requirements for service of citation and process. Specifically, La. R.S. 13:5107(D)(1) provides:

> In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, *service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition* which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.

(Emphasis added).

Furthermore, La. C.C.P. art. 1672(C) states:

> A judgment dismissing an action without prejudice *shall* be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, *unless good cause is shown* why service could not be requested, in which case the court may order that service be effected within a specified time.

(Emphasis added).

To meet the ninety-day service requirement of La. R.S. 13:5107(D), plaintiffs must issue "(1) an accurate request of service (2) upon the proper agent for defendant." *Phillips v. La. Stadium and Exposition Dist.*, 21-0225, p. 6 (La. App. 4 Cir. 12/8/21), 332 So.3d 779, 783. Moreover, "the clerk must be provided with the correct name and address of those persons to be served." *Tranchant v. State*, 08-0978, p. 7 (La. 1/21/09), 5 So.3d 832, 836. According to well-settled jurisprudence, "mere confusion or inadvertence or mistake in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause." *Phillips*, 21-0225, p. 6. 332 So.3d at 783; *see also Barnett v. La. State Univ. Med. Ctr-Shreveport*, 02-2576, p. 1 (La. 2/7/03), 841 So.2d 725, 726 (strictly construing good cause requirement of La. C.C.P. art. 1672(C) and "[c]onsequently, plaintiffs are strictly held to the obligation of serving the correct agent for service of process").

Respondent timely requested service on Det. Jerry in her original petition, in compliance with La. R.S. 13:5107(D)(1). However, despite her efforts, Respondent was unable to serve Det. Jerry until October 16, 2021. The trial court found good cause existed to explain the delay in serving Det. Jerry. It pointed to the Hesion Street address in the petition as a "typo" or "a transcription error with respect to the 'N' versus a 'D'."

The trial court further noted that once service was requested on the correct

address, "five service attempts were made at that correct address to no avail." Addressing the good cause requirement of La. C.C.P. art. 1672(C), the trial court found:

> [I]n this case, service was indeed requested multiple times, and because of a one letter transcription error that derived from an error on the part of the investigating officer at the accident scene, the plaintiff relied on that. But the court finds that the efforts made by the plaintiff to remedy the mistake in that one letter transcription were reasonable under the circumstances.

Thus, the trial court concluded that good cause existed for Respondent's inability to perfect service within ninety days of filing the petition.

On review, we find the record supports the trial court's conclusion that Respondent's inability to serve Det. Jerry was not due to her mere confusion, inadvertence, or mistake. Rather, it was due to a typographical error made by the investigating officer and the fact that Det. Jerry is rarely at his home. We find no manifest error in the trial court's conclusion that good cause was shown why service could not be perfected within the statutory time limitations.

Furthermore, the trial court found that the exception of prescription was based upon the merits of the exception of insufficiency of service of process. In that Relators fail to show manifest error in the denial of their exception of insufficiency of service of process, their exception of prescription likewise merits no relief. Accordingly, the writ is granted; however, relief is denied.

**WRIT GRANTED; RELIEF DENIED**