| | | |
|---|---|---|
| **BARBARA K. BALLANCO** | * | **NO. 2023-CA-0526** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **NELLA A. MORVANT** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-07870, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge Nakisha Ervin-Knott)


Barbara K. Ballanco
7924 Breakwater Drive
New Orleans, LA 70124

    PLAINTIFF/APPELLANT, PRO SE

Michael J. Remondet, Jr.
Juliette Busby Wade
JEANSONNE & REMONDET
P. O. Box 91530
Lafayette, LA 70509

    COUNSEL FOR DEFENDANT/APPELLEE, NELLA A. MORVANT


**AFFIRMED**
**JANUARY 17, 2024**

*TFL*

*RML*

*NEK*

This appeal arises from the dissolution of a long-term romantic relationship between appellant, Barbara K. Ballanco, and appellee, Nella A. Morvant. Ms. Ballanco sought repayment for monies allegedly loaned to Ms. Morvant during the relationship for a family Disney vacation and various expenses related to renovating the New Orleans residence after Hurricane Katrina. Ms. Morvant filed an exception of prescription, contending that if the monies were loaned, more than three years elapsed since the loans were made. The trial court granted Ms. Morvant's exception of prescription, dismissing Ms. Ballanco's claims with prejudice.

On appeal, Ms. Ballanco asserts that the trial court erroneously granted the exception of prescription because she presented evidence of new contracts being formed, which mandated the application of a ten-year prescriptive period versus the three-year prescriptive period utilized by the trial court. She also avers that prescription was interrupted by Ms. Morvant's acknowledgement of the debts. If her claims were prescribed, Ms. Ballanco contends she is entitled to amend her petition.

Upon review, Ms. Ballanco's alleged loans to Ms. Morvant occurred over three years prior to the institution of this suit. As the loans were prescribed on the

face of the petition, Ms. Ballanco bore the burden of proving interruption of prescription occurred. The evidence presented by Ms. Ballanco did not demonstrate that Ms. Morvant acknowledged the alleged debts sufficient to interrupt prescription. Further, Ms. Ballanco is not entitled to amend her suit to change the substance of her petition. The judgment of the trial court is affirmed.

## *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

In the Spring of 2005, Ms. Ballanco and Ms. Morvant entered into a romantic relationship.[1] Ms. Morvant owned a New Orleans home that was damaged due to Hurricane Katrina. Consequently, Ms. Ballanco and Ms. Morvant decided to cohabitate in a Pass Christian home built on land given to Ms. Ballanco by her aunt, Margaret Jean Kalif. The couple resided in Pass Christian until the New Orleans home was repaired. Thereafter, the couple utilized both homes. Ms. Ballanco operated a landscaping business with disadvantaged business enterprise status out of the New Orleans home. In conjunction with running the business out of the home, Ms. Morvant purchased the empty lot next to the New Orleans home, allegedly to provide Ms. Ballanco with storage space for the business equipment.

In 2018, Ms. Morvant and Ms. Ballanco took their children to Disney World for a family vacation. Ms. Ballanco allegedly loaned Ms. Morvant $9,000.00 for the trip on November 15, 2018. Additionally, Ms. Ballanco allegedly made numerous payments for construction related to rebuilding the New Orleans home. Ms. Ballanco contends she loaned Ms. Morvant $45,000.00 from July 8, 2008 to December 31, 2011, for the home repairs. The couple separated in 2019.

---

[1] Ms. Ballanco and Ms. Morvant are the parents of two minor children. Proceedings regarding custody and support are pending in Mississippi.

On August 6, 2022, Ms. Ballanco filed a Suit for Money Due against Ms. Morvant seeking $9,000.00 for the Disney trip and $45,000.00 for the various New Orleans home expenses. Ms. Ballanco alleged Ms. Morvant made verbal promises to repay the sums. Ms. Morvant filed an Exception of Prescription, which the trial court granted, dismissing Ms. Ballanco's claims with prejudice. Ms. Ballanco's appeal followed.

Ms. Ballanco appeals[2] contending the trial court erred by finding her claims were prescribed because "new contracts were formed" regarding repayment of both sums. Ms. Ballanco also maintains that prescription was interrupted because Ms. Morvant acknowledged the debts. If her claims are prescribed, Ms. Ballanco seeks to amend her petition to include claims based on detrimental reliance.

### PRESCRIPTION

"Liberative prescription is a mode of barring of actions as a result of inaction for a period of time." La. C.C. art. 3447. "The fundamental purpose of prescription statutes is to afford a defendant economic and psychological security if no claim is made timely and to protect the defendant from stale claims and from the loss or non-preservation of relevant proof." *Cichirillo v. Avondale Indus., Inc.*, 04-2894, 04-2918, p. 9 (La. 11/29/05), 917 So. 2d 424, 430.

The exception of prescription is a peremptory exception. La. C.C.P. art. 927. "A peremptory exception generally raises a purely legal question." *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, p. 7 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 799-800. However, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition."

---

[2] Ms. Ballanco is proceeding pro se.

La. C.C.P. art. 931. Hence, "[t]he standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced." *Wells Fargo*, 17-0413, p. 7, 231 So. 3d at 800. This Court previously outlined the parameters of our review as follows:

> If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Rando v. Anco Insulations, Inc.*, 08-1163, p. 20 (La.5/22/09), 16 So.3d 1065, 1082. If there is as an absence of evidence, the exception of the prescription must be decided upon the properly pleaded material allegations of fact asserted in the petition, and those alleged facts are accepted as true. *Trust for Melba Margaret Schwegmann* [*v. Schwegmann*, 09-968 La. App. 5 Cir. 9/14/10], 51 So.3d [737] at 742. Further, in reviewing a peremptory exception of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claim. *Id*. Of the possible constructions of a prescriptive or preemptive statute, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted. *Rando*, 16 So.3d at 1083.

*Ames v. Ohle*, 11-1540, pp. 5-6 (La. App. 4 Cir. 5/23/12), 97 So. 3d 386, 390-91.

Generally, the party asserting prescription has the burden of proof. *Id*., 11-1540, p. 5, 97 So. 3d at 390. "However, if prescription is evident from the face of the pleadings, the plaintiff will bear the burden of showing an action has not prescribed." *Id*. "In analyzing a prescription issue, the proper place to begin is by analyzing the allegations of the petition." *Wells Fargo*, 17-0413, p. 10, 231 So. 3d at 801.

***Claims***

Ms. Ballanco's Suit for Money Due asserted that she loaned approximately $54,000.00 to Ms. Morvant from August 2008 to December 2018.

4

Firstly, Ms. Ballanco contended that $9,000.00 was a loan from November 15, 2008, for a Disney family vacation. As evidence, Ms. Ballanco attached the credit card bill depicting the Disney trip charges and maintained that Ms. Morvant made oral promises to repay the money. Ms. Ballanco also attached an e-mail from Ms. Morvant, dated August 26, 2019, wherein Ms. Morvant stated: "After the sale, I will give you back the $9,000.00 that I owe you from our family trip to Disneyworld."

Secondly, Ms. Ballanco contends she loaned Ms. Morvant over $85,000 between July 8, 2008 to December 31, 2011, for various expenses incurred while renovating the New Orleans home. Ms. Ballanco attached a text message from Ms. Morvant from September 3, 2019, which stated:

> I will have 45,000$ [sic] left over after I pay off the debt, pay the taxes and the realtor. If I give you that, do you still want me to sell all of it, don't want the house if you can't have both? Then you move out and I move out and we both start over. Each selling our respective properties.

In addition, Ms. Ballanco included canceled checks and a receipt from New Orleans Redevelopment Authority. Ms. Ballanco attached a text message from her aunt, Ms. Kalif, wherein Ms. Kalif alleged that Ms. Morant offered to "sell it"[3] to Ms. Ballanco "for $180,000 or give you $45,000."[4]

### Applicable Prescriptive Period

Ms. Ballanco asserts she established "that new contracts were formed relative to both disputed amounts, $45,000 and $9,000 and the appellee acknowledged liability for that debt." Thus, she maintains the ten-year prescriptive period for

---

[3] Presumably, the lot located next to the New Orleans home at 6 South Park Place.
[4] Ms. Ballanco's opposition to Ms. Morvant's Exception of Prescription also included an affidavit of Ms. Ballanco, as well as an affidavit from a family friend tasked with assisting Ms. Ballanco.

contracts applies. To determine whether Ms. Ballanco's argument has merit, we must ascertain which prescriptive period governs.

"The nature of an action determines the applicable prescriptive period." *Russ v. City of New Orleans*, 19-0579, p. 3 (La. App. 4 Cir. 8/28/19), 279 So. 3d 1006, 1008 (citing *Faubourg St. Charles, LLC v. Faubourg St. Charles Homeowners Assoc., Inc.*, 18-0806, p. 4 (La. App. 4 Cir. 2/20/19), 265 So .3d 1153, 1157). "[A]n action on a contract is governed by the ten year prescriptive period for personal actions." *Roger v. Dufrene*, 613 So. 2d 947, 948 (La. 1993); La. C.C. art. 3499. "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La. C.C. art. 1906. "A binding contract requires consent of the parties, established through offer and acceptance, and a meeting of the minds." *Landix v. Blunt*, 12-1231, p. 5 (La. App. 4 Cir. 3/20/13), 112 So. 3d 376, 379. Further, pursuant to "La C.C. art. 1846, a contract not reduced to writing which exceeds $500 'must be proved by at least one witness and other corroborating circumstances.'" *Id.*, 12-1231, pp. 4-5, 112 So. 3d at 379.

No parties contend that the alleged loans were originally confected with written contractual agreements. However, Ms. Ballanco contends new contracts were formed when Ms. Morvant allegedly acknowledged the debt in the e-mail and text messages. The e-mail suggested that Ms. Morvant would pay $9,000.00 based upon the condition of making a sale. Further, Ms. Morvant's text message language is more akin to negotiations between Ms. Ballanco and Ms. Morvant seemingly attempting to navigate the settlement of their obligations to one another. The evidence presented by Ms. Ballanco does not show there was offer and acceptance

6

or a meeting of the minds, such that contracts were formed.[5]  Accordingly, we find that trial court did not err by failing to apply the ten-year prescriptive period applicable to contracts.

As opposed to finding the contractual prescriptive period controlling, the trial court found:

> Louisiana Civil Code Article 3492 [sic] dictates a liberative three (3) year prescription period for actions on money lent and open accounts. Petitioner initiated this matter on August 26, 2022 with two claims. The first is an open account claim, with the most recent payment made on December 31, 2011. Plaintiff further brought another claim for money lent on November 15, 2018 for trip to a Disney Resort. The open account claim prescribed in December 2014. The money lent claim prescribed in November 2021.

We agree.

La. C.C. art. 3494 provides that actions on monies lent and on open accounts are subject to a three-year liberative prescription.  Ms. Ballanco's Suit for Money Due asserted claims that were prescribed on the face of the suit.  The Disney trip money was allegedly loaned on November 15, 2018, and the monies lent for the New Orleans home were transferred between July 2008 and December 2011.  The Suit for Money Due was filed on August 6, 2022.  As the trial court found, the Disney claims prescribed November 2021, and the various New Orleans home loans prescribed in December 2014.  Therefore, the trial court's findings of fact were not manifestly erroneous; and Ms. Morvant's Exception of Prescription was properly granted.

---

[5] Ms. Ballanco also contends that Ms. Morvant's silence as to the e-mail and text lulled her into believing the agreements were accepted, which created new contracts sufficient to bind Ms. Morvant.  As we previously found there was no offer and acceptance or meeting of the minds, this assertion lacks merit.

*Interruption*

Ms. Ballanco maintains that the prescriptive period was interrupted because Ms. Morvant acknowledged the debts.

"Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La. C.C. art. 3464. "Interruption by acknowledgement may be oral, in writing, formal, informal, express or tacit." *Fountain v. Lavigne*, 07-0716, p. 3 (La. App. 4 Cir. 3/5/08), 980 So. 2d 136, 138. "[M]ere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments." *Gordon v. Gordon*, 16-0008, p. 5 (La. App. 4 Cir. 6/8/16), 195 So. 3d 687, 690 (quoting *Lima v. Schmidt*, 595 So. 2d 624, 634 (La. 1992)). "Also, 'settlement or compromise offers or negotiations do not evidence an acknowledgement.'" *Marseilles Homeowners Condo. Ass'n, Inc. v. Broadmoor, L.L.C.*, 12-1233, p. 6 (La. App. 4 Cir. 2/27/13), 111 So. 3d 1099, 1105 (quoting *Lima*, 595 So. 2d at 634).

After review, we do not find Ms. Morvant's e-mail or text constituted an acknowledgement sufficient to interrupt prescription. The e-mail suggested that Ms. Morvant would pay $9,000.00 based upon the condition of making a sale. Conditional offers are insufficient. *See Gordon*, 16-0008, p. 5, 195 So. 3d at 690. Further, the text message language evidences an attempt at negotiations between Ms. Ballanco and Ms. Morvant. Both parties were seemingly attempting to navigate their breakup and settle their obligations to one another. Jurisprudentially, these circumstances are insufficient to interrupt prescription. *See Lima*, 595 So. 2d at 634; *Gordon*, 16-0008, p. 5, 195 So. 3d at 690; *Marseilles*, 12-1233, p. 6, 111 So. 3d at 1105.

### *AMENDMENT*

Lastly, Ms. Ballanco asserts that she should be permitted to amend her petition to plead detrimental reliance. Her opposition to Ms. Morvant's Exception of Prescription averred: "[t]he facts in this case are sufficient to assert a detrimental reliance claim, and plaintiff should be allowed to develop any evidence to prove such a claim at trial particularly if her contractual claims are found to be prescribed by the Court."

La. C.C.P. art. 934 provides: "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." "Under its clear wording, La. C.C.P. art. 934 does not contemplate allowing an amendment to state an entirely different cause of action with a longer prescriptive period in order to remove the effect of the peremptory exception." *Malin v. Andrus Homes, Inc.*, 610 So. 2d 223, 225 (La. App. 3d Cir. 1992). "Our jurisprudence also prohibits an amendment to a petition which changes the substance of the Petition." *Tickle v. Ballay*, 18-0408, p. 16 (La. App. 4 Cir. 11/14/18), 259 So. 3d 435, 444 (citing *NOLA 180 v. Harrah's Operating Co.*, 12-0072, pp. 6-7 (La. App. 4 Cir. 5/16/12), 94 So.3d 886, 889).

"It is well settled that the right to amend is not absolute" and is subject to the trial court's vast discretion. *DLN Holdings, L.L.C. v. Guglielmo*, 21-0640, p. 19 (La. App. 4 Cir. 6/29/22), 366 So. 3d 461, 476, *writ denied*, 22-01388 (La. 11/22/22), 350 So. 3d 502. "As this court has observed, '[a]mendment is not permitted when it would constitute a vain and useless act.'" *Id*. (quoting *Smith v. State Farm Ins. Cos.*, 03-1580, p. 6 (La. App. 4 Cir. 3/3/04), 869 So. 2d 909, 913).

The trial court's judgment neither permitted nor denied Ms. Ballanco the opportunity to amend pursuant to La. C.C.P. art. 934. "[A] written judgment silent

9

as to an issue [is] to be construed as a rejection of the relief requested on that issue." *Jackson v. Aramark Healthcare Servs.*, 17-503, p. 6 (La. App. 3 Cir. 2/7/18), 239 So. 3d 878, 884. As we find Ms. Ballanco desired to amend her suit to alter the substance of her petition and add detrimental reliance as another cause of action, we further find she was not entitled to leave to amend her Suit on Money Due.

### *DECREE*

For the above-mentioned reasons, we find that the trial court correctly applied the three-year prescriptive period contained in La. C.C. art. 3494. Because Ms. Ballanco's Suit for Money Due was filed more than three years after the monies were allegedly lent, the trial court properly granted Ms. Morvant's Exception of Prescription and dismissed Ms. Ballanco's claims with prejudice. Further, as Ms. Ballanco sought to amend pursuant to La. C.C.P. art. 934 and change the substance of her petition, she was not entitled to leave to amend. The judgment of the trial court is affirmed.

**AFFIRMED**