422 So.2d 647 (1982)
William BUXTON, d/b/a Buck's Grocery and Meat Market, Plaintiff-Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY, et al., Defendant-Appellee.
No. 82-281.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
*648 John C. Ford, of Smith, Ford & Clark, Leesville, for plaintiff-appellant.
Kimball, McLeod & Dow, William L. McLeod, Jr., Lake Charles, Bolen & Erwin, James A. Bolen, Jr., Alexandria, for defendant-appellee.
Before FORET, CUTRER and STOKER, JJ.
FORET, Judge.
William Buxton, d/b/a Buck's Grocery & Meat Market (plaintiff), appeals from a judgment of the trial court maintaining a peremptory exception of no cause of action filed by defendant, CHM, Inc. We reverse and remand.
The sole issue is whether the trial court erred in maintaining defendant's exception of no cause of action.

FACTS
Plaintiff filed a petition in which he alleged that he was the owner and operator of Buck's Grocery and Meat Market on November 16, 1978, when that establishment and its contents were totally destroyed by fire.[1] Defendant is an incorporated insurance *649 agency d/b/a DeRidder Insurance Agency (CHM, Inc.). Plaintiff further alleged that he had procured certain insurance contracts with two of the original defendants to this action (see Footnote 1) through the defendant insurance agency, and alternatively plead that the latter was liable to him in the sum of $10,303.40. Plaintiff based his claim against defendant on certain acts of negligence allegedly committed by it.
From a reading of the petition, it appears that plaintiff had made an inventory of the contents of his business and tendered it to defendant for transmission to his insurers. The insurance contracts required plaintiff to submit an inventory at regular intervals to the insurers for full coverage to remain in effect. If plaintiff failed to do this, then the insurers were liable only up to 75% of the policy limits. Defendant apparently failed to transmit plaintiff's inventory to the insurers after receiving it, but prior to the occurrence of the fire. Pursuant to the terms of the insurance contracts, the insurers paid plaintiff 75% of the policy limits for the losses he suffered.[2] Plaintiff is now seeking to recover damages from defendant for his losses, in excess of the amounts paid him by the insurers.

EXCEPTION OF NO CAUSE OF ACTION
Plaintiff contends that the trial court erred in maintaining defendant's exception of no cause of action. He argues that his petition does state a cause of action in negligence.
The trial court found that plaintiff's petition contained no allegations of fact pertaining to a breach of any contract that may have existed between the parties. The trial court further found that the petition failed to contain any allegations of fact relating to any duty owed by defendant to plaintiff, or how defendant had breached such a duty. The pertinent paragraphs of plaintiff's petition read as follows:

"10:
That on or about October 26, 1978, petitioner, in accordance with the terms of said policy of insurance, completed an inventory of the stock and merchandise situated in and at said Buck's Grocery and Meat Market and tendered said inventory to said Agency, agent for said Fireman's and said American.

11:
That said Agency failed and omitted to provide said inventory to said Fireman's and said American.

12:
That, in the alternative, should this Honorable Court find that said Fireman's and said American are not indebted unto petitioner, then petitioner alleges his damages were the result of the negligence and fault of said Agency, as is hereinafter more particularly set forth:
(A) In failing to report or tender petitioner's inventory to said Fireman's and/or said American;
(B) In failing to provide petitioner with the necessary forms for the taking of regular and periodic inventories;
(C) In failing to instruct petitioner as to the proper procedures for making regular and periodic inventories;
(D) In failing to warn petitioner of the consequences of failing to make regular and periodic inventories."
("Agency" refers to the sole remaining defendant to this action.)
The purpose of the exception of no cause of action is to test whether the allegations of the petition entitle the petitioner to a *650 remedy under any theory of law. For the purpose of deciding this exception, all well-pleaded allegations of fact in the petition must be accepted as true. Every reasonable interpretation must be afforded the language of the petition so as to maintain the sufficiency of the petition and to afford plaintiff his or her day in court. Androwski v. Ole McDonald's Farms, Inc., 407 So.2d 455 (La.App. 1 Cir.1981), writ denied, 409 So.2d 666 (La.1982); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3 Cir.1967).
In order to sustain a cause of action under LSA-C.C. Articles 2315 and 2316, the petition must adequately allege fault, causation, and damage. Pence v. Ketchum, 326 So.2d 831 (La.1976), overruled in part, 373 So.2d 494 (La.1979); Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971). Fault is a broad concept and, of course, includes negligence. LSA-C.C. Article 2316; Pence v. Ketchum, supra. For analysis, negligence is often divided into duty and breach of duty. Pence v. Ketchum, supra; Prosser, Law of Torts, § 30, pg. 143 (4th ed. 1971).
We find, as did the trial court, that plaintiff's petition fails to allege a breach of any duty owed him by defendant, or the existence of such a duty. Nowhere in his petition does plaintiff allege that defendant was his agent, or that there existed an agreement between the parties that plaintiff would tender his inventory to defendant for transmission to the insurers, or any other facts that would create a duty on the part of defendant to do so. Thus, plaintiff is unable to sustain a cause of action in negligence against defendant because his petition fails to adequately allege fault on its part, and the trial court properly maintained the exception of no cause of action filed by it.
However, LSA-C.C.P. Article 934 provides:
"Art. 934. Effect of sustaining peremptory exception

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed." (Emphasis ours.)
Under the provisions of LSA-C.C.P. Article 934, it is mandatory that the trial judge permit an amendment of the petition when the grounds of the objection pleaded by the exception are of such a nature as to be removed by amendment. Wheelahan v. State of La., Through Louisiana State Claims Review Board, 376 So.2d 576 (La. App. 4 Cir.1979); Menard v. Associated Royal Crown Bottling Company, 249 So.2d 363 (La.App. 4 Cir.1971).
As a general rule, the word "shall" in LSA-C.C.P. Article 934 requires that the adverse party be given an opportunity to amend where there is a conceivable possibility that a cause or right of action may be stated. Louisiana & Southern Life Ins. Co. v. New Orleans Steamship Association, International Longshoremen's Association (AF of L-CIO) Welfare Plan, 384 So.2d 594 (La.App. 4 Cir.1980); Hodges v. LaSalle Parish Police Jury, 368 So.2d 1117 (La.App. 3 Cir.1979). However, the right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act. Louisiana & Southern Life Ins. Co. v. New Orleans Steamship, International Longshoremen's Association (AF of L-CIO) Welfare Plan, supra; Perkins v. Desrochers, 359 So.2d 323 (La.App. 4 Cir. 1978), writ denied, 362 So.2d 578 (La.1978).
We have reviewed the judgment maintaining the exception of no cause of action and note that it contains no order directing plaintiff to amend his petition. We are of the opinion that, given the opportunity to amend, there is a conceivable possibility that plaintiff may be able to state a cause of action against defendant, and that our learned Brother below should have ordered such an amendment. We will remand with the instruction that an order issue directing *651 plaintiff to amend his petition, if he can, to state a cause of action within a delay deemed by the trial court to be reasonable.

DECREE
For the above and foregoing reasons, the judgment of the trial court is reversed and the case remanded with instructions to order plaintiff to amend his petition, if he can, to state a cause of action within the delay allowed.
The costs of this appeal are assessed equally between plaintiff and defendant. The assessment of costs in the trial court shall be made upon a final determination in this matter.
REVERSED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Plaintiff's original petition also named Fireman's Fund Insurance Company (Fireman's) and American Insurance Co. (American) as defendants. An exception of no cause of action, filed by these defendants, was maintained by the trial court. Plaintiff attempted to remedy the deficiencies in his original petition by filing a supplemental and amended petition. Fireman's and American responded by filing peremptory exceptions of no right of action, no cause of action, and res judicata. In addition, these defendants filed a motion for summary judgment. The trial court maintained the exception of res judicata finding that plaintiff had failed to amend his petition within the time allowed. Plaintiff has failed to appeal from either of these judgments and they are now final. Thus, Fireman's and American are no longer defendants to this action.
[2] CHM, Inc. brought a third party demand against the insurers alleging that they were liable to it, if it was found liable to plaintiff. The third party demand was based on certain alleged acts of negligence committed by the insurers. The insurers filed exceptions of no right of action and no cause of action in response to the third party demand. The trial court rendered judgment maintaining the insurers' exception of no cause of action. CHM, Inc. has taken no appeal from this judgment, and it is now final.