610 So.2d 223 (1992)
Elaine Westerberg MALIN, Plaintiff-Appellant,
v.
ANDRUS HOMES, INC., Defendant-Appellee.
No. 91-1259.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1992.
Rehearing Denied January 21, 1993.
*224 Linda Abshire, Lafayette, for plaintiff-appellant.
Mark S. Andrus, Lafayette, for defendant-appellee.
Before GUIDRY, DOUCET and WOODARD, JJ.
GUIDRY, Judge.
Plaintiff, Elaine Malin, appeals the trial court's judgment sustaining defendant's peremptory exception of prescription and dismissing her suit. The issue on appeal is whether the trial court erred by not allowing Malin leave to amend her petition in order to remove the grounds of the objection pleaded by the peremptory exception. We affirm.
This is a redhibition suit which arises out of the sale of a house located in Lafayette, Louisiana. The sale was executed between Malin and defendant, Andrus Homes, Inc. (Andrus), on October 12, 1979. Plaintiff's petition, captioned "PETITION FOR DAMAGES IN REDHIBITION AND ALTERNATIVELY QUANTI MINORIS", was filed November 7, 1989. In her petition, Malin alleged that defects in the home included deteriorated and rotten sub-flooring and floor joists plus cracks in the brick steps, roof, fascia, and driveway. In response, defendant filed two peremptory exceptions, prescription and no cause of action and one dilatory exception, prematurity. The trial court granted the exception of prescription, reasoning that the one year prescriptive period applicable to redhibition actions had run prior to the date that suit was filed. The court concluded that Malin discovered all the defects complained of more than one year prior to filing suit. Judgment dismissing plaintiff's suit with prejudice was rendered on March 4, 1991.
Plaintiff moved for new trial on the ground that the trial court's judgment was contrary to the law and the evidence. Malin sought a new trial to allow her to amend her petition to raise contractual claims. Defendant opposed the motion for new trial on the grounds that the trial court judgment was correct and that, in any event, the plaintiff's contractual claim was perempted under La.R.S. 9:2772. After a contradictory hearing, the trial court denied plaintiff's motion for new trial and this appeal followed.
The record reflects that Malin first discovered the floor defects in November 1979, approximately one month after purchasing the house. The problems with the roof flashing and doors became manifest sometime in 1983. From the date of initial discovery of certain defects until sometime in the spring of 1986, Andrus attempted to repair some but not all of the defects with varying degrees of success. Plaintiff testified that Andrus was not very cooperative nor successful in its repair efforts. She also stated that, after she had a conversation with Dwight Andrus, Jr., in the spring of 1986, Andrus made no further attempt *225 to remedy the defects. It was her personal opinion that the value of her home had decreased because of the defects she had discovered since the purchase date. The record indicates that plaintiff filed suit 10 years and nearly one month after she purchased the house. She testified that she was aware of all defects complained of in her petition prior to one year before she filed suit.
It is well settled that a builder/seller of a home is presumed to know of the defects existing therein. Prescription does not commence in the builder/seller's favor until the purchaser discovers the defect. Further, after the redhibitory defect is discovered by the purchaser, prescription does not commence until the seller abandons all attempts to remedy the defect. La.C.C. arts. 2545, 2546; Panagiotis v. Gauthier-Matherne Homes, Ltd., 571 So.2d 881 (La.App. 3rd Cir.1990). When plaintiff's petition shows on its face that prescription has run, the burden shifts to the plaintiff to prove that suspension or interruption of the prescriptive period has occurred. Williams v. American Family Mutual Insurance Co., 520 So.2d 1082 (La. App. 3rd Cir.1987); Smith v. Cupples Real Estate, Inc., 412 So.2d 682 (La.App. 2d Cir.1982); Finch v. Lake, 396 So.2d 391 (La.App. 1st Cir.1981).
The trial court concluded that plaintiff did not carry her burden of proof that prescription had not run. Clearly, the trial judge did not err in finding that plaintiff's action in redhibition was time barred by the applicable one year prescriptive period. It is undisputed that Andrus abandoned repair attempts in the spring of 1986 at the latest. Clearly, on the face of plaintiff's petition, any action in redhibition and in the alternative for quanti minoris, has prescribed.
We next consider whether the trial court erred in not allowing plaintiff an opportunity to amend her petition.
La.C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Plaintiff contends that she should have been allowed an opportunity to amend in order to state a contractual cause of action with a 10 year liberative prescription period. See La.C.C. art. 3500. In brief, Malin concedes that this suit was filed more than 10 years after she and Andrus executed the contract of sale. However, she argues that, if this court remands this matter to the trial court to allow an amendment of her petition, she will allege certain acts by defendant during negotiations which constitute an acknowledgment sufficient to interrupt prescription.
Plaintiff is required to point out to this court with a degree of sufficient certainty how the objection of prescription may be removed by amendment of the petition. Kerr v. Jefferson Truck Lines, 389 So.2d 729 (La.App. 4th Cir.1980), writ denied, 396 So.2d 1351 (La.1981). In the case sub judice, the objection of prescription was posed against Malin's redhibition action. In the only petition she filed, which was never supplemented or amended prior to trial, plaintiff did not assert a breach of contract claim. She first raised this issue in her motion for new trial. Under its clear wording, La.C.C.P. art. 934 does not contemplate allowing an amendment to state an entirely different cause of action with a longer prescriptive period in order to remove the effect of the peremptory exception. While the provisions of the article allowing amendment are mandatory when the objection may be removed by amendment, it does not allow amendment for plaintiff to speculate on unwarranted facts merely for purposes of defeating the exception. Miller v. Everett, 576 So.2d 1162 (La.App. 3rd Cir.1991). Clearly, to allow Malin to amend to state a contractual claim and to allege further facts concerning acknowledgment of prescription would be for this court to condone speculation on alleged *226 facts that may or may not have occurred many years ago. In any event, this would not remove the objection of prescription against her redhibition claim. A plaintiff has no right to leave of court under La. C.C.P. art. 934 to amend where to do so would be "... a vain and useless act". Ustica Enterprises, Inc. v. Costello, 434 So.2d 137 (La.App. 5th Cir.1983); Buxton v. Fireman Fund Insurance Co., 422 So.2d 647 (La.App. 3rd Cir.1982). For these reasons, we conclude that the trial court did not err in denying plaintiff's motion for a new trial to allow her to amend her petition.
The judgment of the trial court is affirmed. Plaintiff-appellant is cast with all costs of these proceedings.
AFFIRMED.