# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-517 c/w 12-385

NOLAN BENSON, SR.

VERSUS

ABC INSURANCE COMPANY, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2011-6929-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

Nolan J. Benson, Sr.
2725 Highway #1192
Marksville, LA 71351
(318) 253-8260
**PLAINTIFF/APPELLANT APPEARING IN PROPER PERSON**

Wesley Elmer
P.O. Drawer 1469
Marksville, LA 71351
(318) 253-5961
**COUNSEL FOR DEFENDANT/APPELLEE:**
    Doug Anderson, Avoyelles Parish Sheriff

**PAINTER, Judge.**

Plaintiff, Nolan J. Benson, Sr., in proper person, appeals the dismissal of his petition for damages on the ground of prescription. He also appeals the trial court's denial of his motion for new trial. Finding that the filing of a petition with only a fictitiously named defendant does not interrupt prescription, we affirm both.

## FACTS AND PROCEDURAL HISTORY

On July 28, 2010, Plaintiff was allegedly involved in some sort of altercation with deputies of the Avoyelles Parish Sheriff's Office who had just arrested, or were in the process of arresting, Plaintiff's son. On July 28, 2011, exactly one year after the incident at issue, Plaintiff filed a petition in proper person. In that petition, Plaintiff alleged that he was wrongfully arrested, detained, and tased. He also asserted claims for false arrest, false imprisonment, use of excessive force, defamation, and malicious prosecution. The only named defendant was "ABC Insurance Company." He did not ask for service of the petition.

On October 18, 2011, more than one year after the incident at issue and some eighty-two days after the filing of the original petition, Plaintiff filed an amended petition naming Doug Anderson, in his capacity as Sheriff of Avoyelles Parish, as Defendant (the Sheriff). Service was requested and perfected upon the Sheriff. There is no indication in the record that service upon the insurance company has ever been requested.

The Sheriff filed an exception of prescription alleging that the naming of only a fictitious defendant in the original petition did not interrupt prescription. The trial court granted the exception and dismissed Plaintiff's petition with prejudice. Plaintiff then filed a motion for new trial, arguing that he should be granted leave to amend his petition to assert claims under La.Civ.Code art. 3493.10, which has a two-year prescriptive period. The court denied the motion for new trial. Plaintiff filed an application for supervisory writs as well as this appeal. On June 27, 2012, this court

rendered an opinion on the writ application indicating that the writ would be granted for the limited purpose of ordering the consolidation of the writ application with this appeal.

For the following reasons, we affirm the trial court's grant of the exception of prescription in favor of the Sheriff as well as its denial of Plaintiff's motion for new trial.

## DISCUSSION

The parties may introduce evidence to support or controvert the peremptory exception of prescription if the grounds of the exception do not appear on the face of the petition. La.Code Civ.P. art. 931. In the absence of evidence, the trial court must decide the objection of prescription upon the facts as alleged in the petition, and it must accept all allegations contained therein as true. *Hudson v. E. Baton Rouge Sch. Bd.*, 02-987, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 282

With respect to the standard of review applicable herein:

> If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard of review. *Carter v. Haygood*, 04-0646, p. 9 (La.1/19/05), 892 So.2d 1261, 1267. However, the questions presented here for our determination are purely legal ones, rather than factual ones, as the pertinent facts are undisputed. In a case involving no dispute regarding material facts, but only the determination of a legal issue, a reviewing court must apply the de novo standard of review, under which the trial court's legal conclusions are not entitled to deference. *Kevin Associates, L.L.C. v. Crawford*, 03-0211, p. 15 (La.1/30/04), 865 So.2d 34, 43.

*TCC Contractors, Inc. v. Hosp. Serv. Dist. No.3 of Parish of Lafourche*, 10-685, p. 8 (La.App. 1 Cir. 12/8/10), 52 So.3d 1103, 1107.

We find that this case presents only the determination of legal issues and so apply the de novo standard of review as to our review of the trial court's ruling on the exception of prescription.

In his original petition, filed July 28, 2011, Plaintiff made the following claims: that he was arrested without probable cause, detained, and wrongfully tased; that his rights under 42 U.S.C. §1983 were violated because he was falsely arrested, falsely imprisoned, defamed, and subject to the use of excessive force and malicious prosecution. All of the claims asserted by Plaintiff in his original petition are subject to a one year prescriptive period. La.Civ.Code art. 3492; 42 U.S.C. §1988.

Since the amended petition prescribed on its face, Plaintiff bears the burden of proving that his action is not prescribed because of an interruption or suspension of prescription. *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502. In this case, Plaintiff submitted no evidence in opposition to the exception. He argues only that his claims against the Sheriff's office are not prescribed because he timely filed suit against the Sheriff's insurer and merely identified the insurer by an incorrect name. We find no merit to this argument.

Only ABC Insurance Company, a fictitious defendant, is named as defendant. While Plaintiff does mention that ABC allegedly insures the Sheriff's office, he does not request service on the Sheriff. On October 18, 2011, Plaintiff amended his petition to add the Sheriff as a defendant. The amended petition does not purport to correctly name the insurance company or substitute the Sheriff in place of the insurer. The language of the amended petition is clear that the Sheriff is being added as a defendant. Our law is clear that "[p]rescription is not interrupted as to an actual defendant when only a fictitious defendant is named in a petition, unless prescription is interrupted by some other means." *Hill v. Shell Oil Co.*, 99-1322, p. 4 (La.App. 5 Cir. 4/25/00), 760 So.2d 511, 512-13.

This is not an issue of "relating back" as contemplated by La.Code Civ.P. art. 1153 since the amendment does not change the identity of a defendant. This amendment adds a defendant; it does not create a substitute defendant. Thus, we find that the original petition did not interrupt prescription as to Plaintiff's claims against

3

the Sheriff. We affirm the trial court's granting of the Sheriff's exception of prescription and the dismissal of Plaintiff's suit with prejudice.

We must next consider the trial court's denial of Plaintiff's motion for new trial. The standard of review on this issue is abuse of discretion. *Campbell v. Tork*, 2003-1341 (La. 2/20/04), 870 So.2d 968.

Plaintiff based his motion for new trial on the assertion that he should have been given leave to amend his petition to add claims that the damages he allegedly sustained were the result of a crime of violence under La.R.S. 14:2 such that the prescriptive period would be two years, rather than one. That statute defines "crime of violence" as:

> an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.

La.R.S. 14:2.

That statute also enumerates several offenses. The ones that might be applicable here are aggravated battery or aggravated assault. His original petition made no allegations or assertions in this regard. In his memorandum in support of the motion for new trial, Plaintiff advanced these claims for the first time and attempted to manipulate his situation to fit under the definition of "crime of violence." However, he did not submit any evidence or testimony to prove these facts and assertions.

We are guided by our prior opinion in *Malin v. Andrus Homes, Inc.*, 610 So.2d 223, 225-26 (La.App. 3 Cir. 1992):

> Plaintiff is required to point out to this court with a degree of sufficient certainty how the objection of prescription may be removed by amendment of the petition. *Kerr v. Jefferson Truck Lines*, 389 So.2d 729 (La.App. 4th Cir.1980), *writ denied*, 396 So.2d 1351 (La.1981). In the case sub judice, the objection of prescription was posed against Malin's redhibition action. In the only petition she filed, which was never supplemented or amended prior to trial, plaintiff did not assert a breach of contract claim.

4

She first raised this issue in her motion for new trial. Under its clear wording, La.C.C.P. art. 934 does not contemplate allowing an amendment to state an entirely different cause of action with a longer prescriptive period in order to remove the effect of the peremptory exception. While the provisions of the article allowing amendment are mandatory when the objection may be removed by amendment, it does not allow amendment for plaintiff to speculate on unwarranted facts merely for purposes of defeating the exception. *Miller v. Everett*, 576 So.2d 1162 (La.App. 3rd Cir.1991). Clearly, to allow Malin to amend to state a contractual claim and to allege further facts concerning acknowledgment of prescription would be for this court to condone speculation on alleged facts that may or may not have occurred many years ago. In any event, this would not remove the objection of prescription against her redhibition claim. A plaintiff has no right to leave of court under La.C.C.P. art. 934 to amend where to do so would be "... a vain and useless act". *Ustica Enterprises, Inc. v. Costello*, 434 So.2d 137 (La.App. 5th Cir.1983); *Buxton v. Fireman Fund Insurance Co.*, 422 So.2d 647 (La.App. 3rd Cir.1982). For these reasons, we conclude that the trial court did not err in denying plaintiff's motion for a new trial to allow her to amend her petition.

As in *Malin*, we find that the trial court did not err in denying Plaintiff's motion for new trial. He is not entitled to amend his petition, which was untimely filed, to assert a new cause of action solely for the purpose of benefiting from a longer prescriptive period.

## DECREE

After a de novo review of the record and for the foregoing reasons, we affirm the trial court's granting of the Sheriff's exception of prescription and dismissal of Plaintiff's suit with prejudice. Finding no abuse of discretion, we also affirm the trial court's denial of Plaintiff's motion for new trial. All costs of this appeal are assessed to Plaintiff/Appellant, Nolan Benson, Sr.

**AFFIRMED.**