STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0026

BRAD JOSEPH DAIGLE

VERSUS

INTEGRA INSURANCE SERVICES, LLC,
AND BOBBY W. ADAMS, JR.

~CONSOLIDATED WITH~

2024 CA 0027

INTEGRA INSURANCE SERVICES, LLC, PREFERRED AGENCY
NETWORK, LLC, AND BOBBY W. ADAMS, JR., INDIVIDUALLY AND ON
BEHALF OF INTEGRA INSURANCE SERVICES, LLC AND PREFERRED
AGENCY NETWORK, LLC

VERSUS

DEREK BABCOCK

Judgment Rendered: **AUG 2 1 2024**

* * * * *

Appealed from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Nos. 651959 c/w 652022

The Honorable Ronald R. Johnson, Judge Presiding

* * * * *

| | |
|---|---|
| Stephen C. Carleton<br>Baton Rouge, Louisiana<br>*and*<br>Michael R. D. Adams<br>Monica G. Moton<br>Baton Rouge, Louisiana | Attorneys for Appellant,<br>Integra Insurance Services, LLC |
| Shelton Dennis Blunt<br>A. Paul LeBlanc, Jr.<br>Kevin W. Walsh<br>Monica M. Vela-Vick<br>Michael B. Victorian<br>Baton Rouge, Louisiana<br>*and*<br>Richard A. Sherburne, Jr.<br>Douglas M. Chapoton<br>Baton Rouge, Louisiana | Attorneys for Appellees,<br>Louisiana Health Service &<br>Indemnity Company d/b/a Blue<br>Cross and BlueShield of Louisiana,<br>Brian Keller, Greg Cross, Greg<br>Hanley, and Dan Wagner |

* * * * *

BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.

Welch, J. concurs without reasons

**WOLFE, J.**

This is an appeal of a judgment that sustained exceptions and dismissed claims asserted in an amended petition. We affirm.

## FACTS[1]

These suits, which were filed in 2016 and consolidated in 2017, arose from the failed business relationship between individuals and entities involved in selling insurance policies. One contested issue involved the rights to commissions from Blue Cross Blue Shield (BCBS) for the sale of private health insurance policies. BCBS was not initially a party to the litigation, but was appointed as the keeper of funds disputed as commissions, which were seized pursuant to a writ of sequestration. On November 25, 2019, the trial court signed a stipulated judgment that ordered disbursement of the seized funds and terminated BCBS's appointment.

Thereafter, in 2020, Integra Insurance Services, LLC ("Integra") and other plaintiffs were granted leave of court and filed a third amended and supplemental petition, which added as defendants BCBS and several individuals identified as BCBS employees, including Brian Keller, Greg Cross, Greg Hanly, and Dan Wagner (collectively, "the BCBS defendants").[2] In response to the third amended petition, the BCBS defendants filed exceptions of vagueness or ambiguity of the petition, nonconformity of the petition, and no cause of action. On September 30, 2021, the trial court held a hearing on the exceptions filed by the BCBS defendants and those filed by some of the other forty-two defendants named in the third amended petition. At its conclusion, the trial court sustained the various defendants' exceptions of

---

[1] The record before us was designated by the appellant pursuant to La. Code Civ. P. art. 2128; therefore, our overview of the facts and procedural history is based on only limited portions of the lower court record.

[2] The other plaintiffs—Preferred Agency Network, LLC, Bobby W. Adams, Jr., and John Howard—were also named in the judgment at issue *sub judice* and were included in the order granting this appeal. However, the appellant brief was filed on behalf of Integra alone, representing that the other plaintiffs had decided not to purse this appeal. Thus, we refer to the claims and arguments relevant to this appeal as having been made by Integra, without reference to the other plaintiffs.

vagueness or ambiguity of the petition, and allowed Integra the opportunity to amend its petition to remove the grounds of the objections to the civil conspiracy and defamation claims. The trial court deferred ruling on the exception of no cause of action until it decided pending motions for summary judgment on issues of insurance coverage.[3]

Integra then filed a fourth amended and supplemental petition, which asserted claims against the BCBS defendants for breach of contract, negligence, and interference with a contractual relationship. The BCBS defendants filed a motion to dismiss, or alternatively strike the fourth amended petition, arguing that the fourth amended petition was untimely filed and failed to cure the deficiencies that were the basis of the exceptions previously sustained. After a hearing, the trial court signed a judgment on May 13, 2022, which denied the motion to dismiss, or alternatively strike the fourth amended petition, but also dismissed Integra's conspiracy and defamation claims against the BCBS defendants.

The BCBS defendants filed exceptions to the fourth amended petition, including exceptions of no right of action, no cause of action, vagueness or ambiguity of the petition, and nonconformity of the petition. In addition to arguing the merits of the exceptions, the BCBS defendants again argued that the fourth amended petition was untimely filed. They further argued that instead of curing the deficiencies previously identified, Integra's fourth amended petition asserted entirely new claims based on an entirely new set of facts, which exceeded the scope of the amendment allowed by the trial court.

The trial court held a hearing on the exceptions, during which the procedural history of the case was discussed. Counsel for Integra protested the BCBS defendants raising the same issues that formed the basis of their motion to dismiss

---

[3] Other rulings contained in the judgment are not relevant to this appeal.

or strike, contending that the trial court had allowed the filing of the fourth amended petition. In response, the trial court observed that the filing was allowed "to the extent that you [were] to correct the deficiencies[,] not to assert new claims or allegations." Counsel for Integra responded, "Correct." The trial court then pointed out that Integra did not seek leave of court to assert new claims. Counsel for Integra then argued that the fourth amended petition cured the defects previously identified, contending "there were no limitations on how that cure should be presented to the Court."

At the conclusion of the hearing, the trial court took the matter under advisement, indicating it would consider whether the fourth amended petition complied with its order allowing the amendment. The trial court additionally ordered the filing of post-hearing memoranda.

On February 13, 2023, the trial court signed a judgment that sustained the exceptions and dismissed Integra's claims against the BCBS defendants asserted in the fourth amended petition. This appeal followed.

## DISCUSSION

Integra contends that the trial court erred in dismissing its claims against the BCBS defendants asserted in the fourth amended petition because the petition clearly articulated claims for breach of contract, negligence, and interference with a contractual relationship, which it did not need court permission to file. Neither the trial court's ruling that sustained the exceptions as to the third amended petition nor the dismissal of the conspiracy and defamation claims asserted against the BCBS defendants in the fourth amended petition are at issue herein.

4

Louisiana Code of Civil Procedure article 933(B) addresses the effect of sustaining a dilatory exception, such as an exception of vagueness or ambiguity of the petition,[4] providing:

> When the grounds of the ... objection[] pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a noncompliance with this order.

In compliance with La. Code Civ. P. art. 933(B), when the trial court sustained the BCBS defendants' exception of vagueness or ambiguity as to the third amended petition, it afforded Integra the opportunity to amend its petition to remove the grounds of the objection to the civil conspiracy and defamation claims. Integra failed to do so and those claims were dismissed by separate judgment. Integra's fourth amended petition alleged claims of breach of contract, negligence, and interference with a contractual relationship. The BCBS defendants maintain that the trial court authorized only a curative amendment pursuant to La. Code Civ. P. art. 933(B), and did not authorize an amendment to add new claims.

As a procedural matter, Integra contends that the BCBS defendants' arguments regarding the timeliness and scope of the fourth amended petition are not properly considered herein since they were rejected by the trial court when it denied the BCBS defendants' motion to dismiss or strike the fourth amended petition. However, the trial court's ruling in that regard was interlocutory, as it decided only preliminary matters rather than the merits of the controversy. See La. Code Civ. P. art. 1841; **Meadows v. Adams**, 2018-1544-R (La. App. 1st Cir. 11/9/20), 316 So.3d 5, 10; **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). Prior to rendition of a final judgment, the trial court may change the substance or the result of

---

[4] See La. Code Civ. P. art. 926(A)(5).

interlocutory rulings. **Meadows**, 316 So.3d at 10. Interlocutory rulings are not binding and do not create law of the case. See **Cartesian Company, Inc. v. Division of Administrative Law Ethics Adjudicatory Board Panel A**, 2023-00398 (La. 10/20/23), 371 So.3d 1041, 1055 n.31. Thus, Integra's argument that these issues cannot be considered herein is unfounded.

Turning to the merits of the argument, Integra asserts that it was not required to obtain authorization or leave of court prior to amending its petition to assert new claims because the BCBS defendants had not (and still have not) filed an answer. Integra relies on La. Code Civ. P. art. 1151,[5] which allows a plaintiff to amend his petition without leave of court at any time before the defendant files his answer but thereafter allows amendment only with leave of court or consent of the adverse party.

Integra's argument ignores the procedural posture of the case at the time the fourth amended petition was filed. The trial court had sustained the BCBS defendants' exceptions to the third amended petition, ruling that the claims against the BCBS defendants were subject to dismissal unless Integra amended that petition as set forth in the trial court's ruling. Furthermore, the BCBS defendants' exception of no cause of action to the third amended petition remained pending. In light of the trial court's ruling, Integra was not at liberty to assert new claims to change the course of the litigation and circumvent the trial court's ruling. See **McCoy v. Stalder**, 99-1747 (La. App. 1st Cir. 9/22/00), 770 So.2d 447, 452-53 (noting that the Code of Civil Procedure articles that address amendment of a petition to cure the grounds of a sustained exception do not authorize an amendment to state new

---

[5] Louisiana Code of Civil Procedure article 1151 provides, in pertinent part:

> A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.

claims); **Boyett v. First Baptist Church of Bossier**, 55,209 (La. App. 2nd Cir. 8/9/23), 369 So.3d 942, 950, <u>writ denied</u>, 2023-01229 (La. 1/17/24), 377 So.3d 236 (interpreting La. Code Civ. P. art. 934, which addresses the opportunity to amend after a peremptory exception is sustained, to allow amendment only insofar as it cures the defect in the original pleading); **Malin v. Andrus Homes, Inc.**, 610 So.2d 223, 225 (La. App. 3rd Cir. 1992) (explaining that the opportunity to amend a petition to cure the grounds of a sustained objection does not authorize an amendment to assert new claims).

Nonetheless, Integra contends that the trial court failed to properly analyze the exception of vagueness or ambiguity of the petition, noncomformity of the petition, and exception of no cause of action, which were sustained as to the fourth amended petition. Integra maintains that the trial court was required to examine the sufficiency of the specific allegations of the fourth amended petition (which it contends were clear and unambiguous) to determine whether they had alleged any facts entitling them to relief. Again, Integra's arguments ignore the procedural context in which the trial court's judgment was rendered.

An amended petition filed without leave of court, when such permission is required, may not be considered, is totally without effect, and is deemed to not have been filed at all. **Whitney Bank v. Rayford**, 2021-0407 (La. App. 1st Cir. 4/5/22), 341 So.3d 741, 745. Since Integra's newly-asserted claims of the fourth amended petition could not be considered, and since the previously-asserted conspiracy and defamation claims had been dismissed, no claims against the BCBA defendants remained. Under these specific circumstances, the trial court did not err in sustaining the exception of no cause of action and dismissing all claims asserted against the BCBS defendants in the fourth amended petition.[6] <u>See</u> La. Code Civ. P. art. 934;

---

[6] Because of our determination, we do not address the BCBS defendants' assertion that the fourth amended petition was untimely filed, which they asserted as an additional basis for their motion to dismiss or alternatively strike the fourth amended petition.

7

**Foster v. Bias**, 2022-0329 (La. App. 1st Cir. 12/22/22), 358 So.3d 520, 537, writ denied, 2023-00090 (La. 3/28/23), 358 So.3d 503 (finding that the petition was properly dismissed for failure to state a cause of action where it did not appear that the petition could possibly be amended to remove the grounds of the objection).

As we find that the claims against the BCBS defendants were properly dismissed for the reasons set forth hereinabove, we pretermit discussion of the other issues raised by Integra on appeal, which are now moot.

## CONCLUSION

The February 13, 2023 judgment of the trial court is affirmed. Costs of this appeal are assessed to Integra Insurance Services, LLC.

**AFFIRMED.**