# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-303



**BARRYNEE MOORE**

**VERSUS**

**SKY ZONE, ABC CORPORATION,
AND XYZ INSURANCE COMPANY**


**\*\*\*\*\*\*\*\*\*\***


## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, NUMBER C-20233611, DIVISION J
## HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHARON DARVILLE WILSON
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Sharon Darville Wilson, and Clayton Davis, Judges.


**AFFIRMED.**


**Davis, J.,** dissents and assigns written reasons.

**Lamont M. Hills**
**David Daniels, II**
**Luke Cartozzo**
**HILLS DANIELS & ASSOCIATES, LLP**
**2439 Manhattan Boulevard, Suite 103**
**Harvey, Louisiana  70058**
**(504) 641-0016**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Barrynee Moore**

**Tom Easterly**
**Cameron A. Murray**
**TAYLOR, PORTER, BROOKS & PHILLIPS LLP**
**450 Laurel Street, 8th Floor**
**Baton Rouge, Louisiana  70801**
**(225) 387-3221**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Drastic Air Lafayette, LLC**

**WILSON, Judge.**

Plaintiff, Barrynee Moore (Moore), appeals a trial court judgment dismissing her claims against Drastic Air Lafayette, LLC (Drastic Air) on the granting of its exception of prescription. For the forgoing reasons, we affirm.

## I.

## ISSUES

Moore asserts the following issues for review:

1. Should a peremptory exception raising the objection of prescription be denied when a party is properly substituted and the substitution relates back to the timely filed petition for damages?

2. Should, alternatively, the doctrine of *contra non valentem* apply to suspend prescription where Drastic Air engaged in conduct that secreted its identity and which prevented Moore from availing herself of her judicial remedies?

## II.

## FACTS AND PROCEDURAL HISTORY

On July 9, 2022, Moore was a patron at a trampoline park located at 3814 Ambassador Caffery Parkway in Lafayette, Louisiana. She alleges that she was injured when she jumped into a ball pit and hit the pit's base, a solid surface of cement. She alleges that the pit was unattended and lacked any instructions or warnings.

On July 7, 2023, Moore filed suit against SKYZONE, ABC Corporation (ABC), and XYZ Insurance Company (XYZ). She alleged that SKYZONE, which the petition identifies as "a business corporation authorized to do and currently doing business in the State of Louisiana[,]" was owned by ABC and insured by XYZ. The original petition contains a paragraph alleging that "[s]aid defendants are indebted unto your petitioner herein jointly, severally, and *in Solido* for all such damages as are reasonable in the premises[.]" This allegation is realleged and affirmed in the first supplemental and amending petition.

On July 21, 2023, Moore filed a first supplemental and amending petition to substitute Drastic Air Lafayette, LLC (Drastic Air), as a named defendant in place of ABC. On September 11, 2023, in response to the amended petition, Drastic Air filed an exception of prescription, alleging that Moore's claims against it were prescribed on the face of the pleading and that the applicable one-year prescriptive period expired before any suit was filed that named a real and/or viable, non-fictitious entity.

Before the exception was heard, Moore filed a second supplemental and amending petition wherein she amended her original petition to name Sky Zone, LLC (Sky Zone), a Nevada limited liability company authorized to do and doing business in Louisiana, with a principal place of business at 86 N. University Avenue in Provo, Utah, as a named defendant in each and every place that SKYZONE was previously mentioned. The second supplemental and amending petition added the following defendants: (1) Sky Zone Franchise Group, LLC (Sky Zone Franchise Group); (2) Circustrix Holdings, LLC (Circustrix); (3) Fun Spot Manufacturing, LLC (Fun Spot); (4) ABEO North America, Inc. (ABEO); (5) Trampoline Acquisition Parent Holdings, LLC (Trampoline Acquisition); (6) Palladium Equity Partners, LLC (Palladium Equity); (7) Palladium Equity Partners IV, LLC (Palladium Equity IV); and (8) Palladium Capital Management IV, LLC (Palladium Capital IV). This petition alleged that Sky Zone, Drastic Air, and the eight additional defendants "designed, manufactured, assembled, constructed, franchised, owned, controlled, maintained, operated, managed, trained, supervised, marketed, and solicited business" for the trampoline park where she was injured "by advertising its attractions, activities and events through out [sic] the State of Louisiana and elsewhere." The petition further alleged that Drastic Air is the franchisee of Sky Zone and/or Sky Zone Franchise Group and/or Circustrix and/or Trampoline

2

Acquisition and/or Palladium Equity and/or Palladium Equity IV and/or Palladium Capital IV. It further alleged that Sky Zone and/or Skyzone Franchise Group and/or Fun Spot "invented, created, produced, designed, manufactured, assembled, constructed, marketed, sold, franchised, and/or controlled by contract over two hundred (200) recreation facilities known as Sky Zone Indoor Trampoline Parks," including the Lafayette location where Moore was injured.

The second supplemental and amending petition also alleged that Drastic Air referred to and intentionally misrepresented itself as Sky Zone throughout all correspondence and communications concerning Moore's accident. Various email correspondence and printouts from the Louisiana Secretary of State's website were attached to this petition.

The exception of prescription was heard on February 20, 2024. At the hearing, Drastic Air called Chris Fudge, a member of Drastic Air and its registered agent, and his wife, Kimberly Fudge, also a member of Drastic Air, to testify. Drastic Air also introduced the following evidence: (1) a printout from the Louisiana Secretary of State's website showing the results of a search for "Drastic Air Lafayette, LLC;" (2) citation to Sky Zone with Moore's original petition attached; (3) citation to Drastic Air with Moore's original petition and first supplemental and amending petition attached; (4) a printout from the Louisiana Secretary of State's website showing the results of a search for "Sky Zone;" and (5) Moore's first supplemental and amending petition. The only evidence introduced by Moore was a printout from Sky Zone's website with the results of Google search of the 3814 Ambassador Caffery Parkway address attached. The second supplemental and amending petition for damages was not introduced into evidence. The second supplemental and amending petition and the email correspondence were attached to Moore's memorandum in opposition to the exception of prescription.

3

The trial court granted the exception of prescription in open court. A written judgment was prepared by Drastic Air's counsel and signed by the trial court on February 28, 2024. The judgment granted the exception in favor of Drastic Air and dismissed Moore's claims against Drastic Air with prejudice. This timely devolutive appeal followed.

## III.

## STANDARD OF REVIEW

In *Smith v. Acadian Ambulance Serv., Inc.*, 22-626, p. 3 (La.App. 3 Cir. 3/22/23), 363 So.3d 564, 567, we noted:

> Ordinarily, a judgment granting an exception of prescription is reviewed de novo because it raises a legal question, but when evidence is introduced at the hearing, the trial court's findings of fact are subject to the manifest error standard of review. *Jenkins v. Kauffman*, 21-1596 (La.App. 1 Cir. 7/13/22), 344 So.3d 689, *writ denied*, 22-1242 (La. 11/8/22), 349 So.3d 576. When the pertinent facts are not in dispute and the decision involves purely legal issues, the matter is reviewed de novo, and the trial court's legal conclusions are not entitled to any deference. *Id.*; *Stevenson* [*v. Progressive Sec. Ins. Co.*, 19-637 (La. 4/3/20),] 341 So.3d 1202.

In *Smith*, 363 So.3d 564, this court performed a de novo review despite the fact that evidence was introduced at the hearing on the exception of prescription. This was based on the finding that the trial court applied the wrong legal standard in granting the exception of prescription by applying the factors set forth in *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983), regarding "relation back." This court found that "[t]he "relation back" concept of *Ray*, 434 So.2d 1083, and La.Code Civ.P. art. 1153 does not apply when there is the addition of a joint tortfeasor to a suit instituted against a correctly named and timely-sued joint tortfeasor." *Smith*, 363 So.3d at 567. We find that *Smith* is distinguishable from the case sub judice because in this case, while there is an allegation of solidarity, there was no correctly named defendant in the original petition and no additional party is being named in

4

the amended petition.  This is the situation noted by the court in *Smith*, 363 So.3d at 567:

> As explained in *Etienne v. National Automobile Insurance Co.*, 99-2610, p. 7 (La. 4/25/00), 759 So.2d 51, 56 "Article 1153 and the *Ray* criteria typically apply to determine if a supplemental petition relates back to the filing of the original petition in situations where the wrong party has been named as the original defendant, and not, as here when additional solidary obligors are named."

Although additional defendants that were alleged to be solidarily liable with Sky Zone were added in the second supplemental and amending petition, that is not the petition that is relevant to this inquiry.  Furthermore, the issues in this case are primarily factual rather than legal, since numerous factual determinations by the trial court were necessary.  Accordingly, we find that the manifest error standard of review is applicable to this case.[1]

In conducting a manifest error review, "the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one" based on the record.  *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880, 882 (La.1993).  Accordingly, "[i]f the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

---

[1] In brief, Moore argued that she was entitled to a de novo review despite the fact that evidence was introduced at the hearing on the exception and states that "where relevant facts are not in dispute, and the decision to be made is purely legal," the review should be de novo.  At oral argument before this court, however, when questioned directly, Moore's counsel conceded that the correct standard of review was manifest error.

# IV.

## LAW AND DISCUSSION

This case is governed by the one-year prescriptive period applicable to tort claims under La.Civ.Code art. 3492, which was in effect at the time of this accident.[2] "This prescription commences to run from the day injury or damage is sustained." *Id.* "Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed." *Carter v. Haygood*, 04-646, pp. 8–9 (La. 1/19/05), 892 So.2d 1261, 1267 (citations omitted). In this case, the accident occurred on July 9, 2022, and the original petition was filed on July 7, 2023. Drastic Air was not named as a defendant until the filing of the first supplemental and amending petition on July 21, 2023, more than one year after the date of the accident. Therefore, Moore bears the burden of proof.

"When the action or defense asserted in the amended petition arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." La.Code Civ.P. art. 1153. In interpreting this code article, the Louisiana Supreme Court established:

> the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of the filing of the original petition:
>
> (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
>
> (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

---

[2] Louisiana Civil Code Article 3492 was repealed by Acts 2024, No. 423 § 2, effective July 1, 2024, which is specifically given prospective application only.

(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;

(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Ray*, 434 So.2d at 1086–87. All four criteria must be met. *Id.*

"Prescription is interrupted . . . when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." La.Civ.Code art. 3462. This interruption of prescription by suit against one solidary obligor is effective against all solidary obligors and their successors. La.Civ.Code arts. 1799 and 3503. However, "[o]ur law is clear that '[p]rescription is not interrupted as to an actual defendant when only a fictitious defendant is named in the petition, unless prescription is interrupted by some other means.'" *Benson v. ABC Ins. Co.*, 12-517, 12-385, p. 3 (La.App. 3 Cir. 11/7/12), 106 So.3d 143, 146, *writ denied*, 12-2650 (La. 2/8/13), 108 So.3d 86, *quoting Hill v. Shell Oil, Co.*, 99-1322, p. 4 (La.App. 5 Cir. 4/25/00), 760 So.2d 511, 512–13.

Moore argues that the amendments relate back to the filing of the original petition because all of the criteria set forth in *Ray*, 434 So.2d 1083, are satisfied. There is no dispute that the amended petitions arise out of the same transaction or occurrence. With respect to the remaining three *Ray* criteria, however, there is much dispute.

Moore requested service of the original petition on SKYZONE at the address of the trampoline park where she was injured.[3] There is no testimony or evidence as to what date or on whom the original petition was served. The citation is dated July

---

[3] In her brief to this court, Moore concedes that this service was incorrect.

7

10, 2023, but the Sheriff's Return is blank. While Drastic Air may have had notice of Moore's accident, this is not the same thing as notice of the institution of a lawsuit against it. *See Renfro v. State ex rel. Dep't of Transp. & Dev.*, 01-1646 (La. 2/26/02), 809 So.2d 947. Moore presented no evidence to show that there was any "identity of interests" between the non-existent SKYZONE defendant and Drastic Air such that notice of the suit to SKYZONE would serve as notice to Drastic Air. *Id*. at 952. This is not the situation where a plaintiff is "confronted with a maze of corporate . . . entities" and names the wrong one as defendant. *Id*.

Mr. Fudge testified that he received the original petition but that he is not aware of any Louisiana business called SKYZONE, a business corporation, and that he has no affiliation with ABC or XYZ. Mrs. Fudge testified that she "didn't pay much attention" to the original petition because it did not list Drastic Air; but, she did not see it until her husband was served with the first supplemental and amending petition at their home, which is the registered address for Drastic Air. Mrs. Fudge further testified that she had no notice that a lawsuit had been filed against Drastic Air before the first supplemental and amending petition was served on her husband.

In cross-examining Mrs. Fudge, Moore's counsel asked if she was "made aware that there was an injury and a claim being made on behalf of [Moore] at any time before the filing of a lawsuit." Drastic Air objected on the grounds of relevance, and the objection was sustained by the trial court, which stated "let's just stick to the lawsuit." Moore's counsel responded that he was entitled to lay a foundation for the introduction of the email threads, and the trial court said, "Sure." Then Moore's counsel asked Mrs. Fudge the same question, Drastic Air's counsel made the same objection, and the trial court sustained the objection by saying, "Same thing. If you're talking about when she was made aware, what's important to us is when it was filed and when she was made aware of the filing." Moore's counsel, replied,

8

"Thank you, Your Honor[]" and abandoned that line of questioning. He did not proffer the email correspondence or any testimony concerning it and moved on to questioning Mrs. Fudge about whether she had ever searched her name on the Louisiana Secretary of State's website, her email address (which is kim.fudge@skyzone.com), and the signage and website referring to Sky Zone. Mrs. Fudge explained that Drastic Air is an independent franchise of Sky Zone and is not owned and operated by the franchisor. Mr. Fudge testified that Drastic Air did not share employees, books, financials, subsidiaries, or parent companies with Sky Zone.

Moore's arguments that her suit against Drastic Air was timely filed because she was misled concerning the true identities of Sky Zone and Drastic Air are based on the pre-suit email correspondence which was not admitted into evidence and which Moore's counsel failed to proffer. While the email correspondence is attached to the second supplemental and amending petition and to Moore's memorandum in opposition to the exception of prescription, neither of those pleadings were introduced into evidence or proffered. Our jurisprudence is clear that "[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. "While the legislature has provided special rules addressing documents which may be considered on motions for summary judgment without formal introduction into evidence, no such rules exist for exceptions of prescription." *Desi v. Thomas Jefferson Constr. Corp.*, 19-502, p. 4 (La.App. 5 Cir. 10/5/20), 304 So.3d 1068, 1072.

Thus, we find that neither the second nor third criteria set forth in *Ray* is met in this case.

Furthermore, when the *Ray* criteria are not met, in order for the filing of the original petition to interrupt prescription as to Drastic Air, the original petition must be filed timely against a defendant who is solidarily liable with Drastic Air. In this case, Drastic Air was substituted for ABC in the first supplemental and amending petition. Drastic Air put on evidence in the form of Mr. Fudge's testimony and a search history from the Louisiana Secretary of State's website to show that there is no such entity as SKYZONE, a business corporation, in Louisiana. Drastic Air argues that prescription against it was not interrupted by the filing of the original petition because Moore failed to file suit against any viable and non-fictitious defendant. Moore put on no evidence to show that SKYZONE was the proper party defendant or that SKYZONE (or Sky Zone as named in the second supplemental and amending petition) and Drastic Air were solidary obligors.

Finally, Moore argues that the doctrine of contra non valentem applies to prevent the running of prescription because Drastic Air engaged in conduct that prevented her from learning Drastic Air's true identity and misled her into filing her lawsuit against an incorrect party. In brief, she cites many "facts" from the email correspondence that was not introduced into evidence and was not proffered. For the reasons stated above, this email correspondence cannot be considered by this court.

Moreover, Moore did not raise this issue in opposition to the exception of prescription at the trial court. Uniform Rules—Courts of Appeal, Rule 1–3, provides that "[t]he Courts of Appeal shall review issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice requires otherwise." "As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal." *Mendoza v. Grey Wolf Drilling Co., LP*,

46,438, p. 15 (La.App. 2 Cir. 6/22/11), 77 So.3d 18, 27, *writ denied*, 11-1918 (La. 11/14/11), 75 So.3d 943. Since contra non valentem was not addressed by the trial court and is raised for the first time on appeal, we will not consider it.

Additionally, counsel for Moore stated in its argument to the trial court:

When we searched Sky Zone, we could not find a Sky Zone in the Lafayette location, so what did we really have to go on? All we have to go on is what they're giving us. And we did our own research and we did our own investigation to finally come up with Drastic Air.

We reiterate that Moore introduced no evidence to support her assertion that she was misled or mistaken as to the identity of the proper party defendant, ABC. Even so, "reliance on misinformation, standing alone, does not satisfy the reasonable due diligence requirement for application of the discovery rule of *contra non valentem*." *Herman v. State Farm Mut. Auto. Ins. Co.*, 07-548, p. 10 (La.App. 1 Cir. 11/2/07), 977 So.2d 41, 46. Mrs. Fudge testified that there is a sticker on the door of the Ambassador Caffery Parkway location that indicates that it is an independent franchise location, that no one associated with Moore ever asked her what the name of her company was, and that she had no reason to hide the name Drastic Air.

## V.

## CONCLUSION

For the foregoing reasons, we affirm the judgment maintaining the exception of prescription in favor of Drastic Air Lafayette, LLC, and the dismissal of Barrynee Moore's claims against it with prejudice. Costs of this appeal are assessed against the appellant, Moore.

**AFFIRMED.**

NUMBER 24-303

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

BARRYNEE MOORE

VERSUS

SKY ZONE FRANCHISE GROUP, LLC, ABC CORPORATION AND
XYZ INSURANCE COMPANY

**DAVIS, Judge, dissents and assigns written reasons.**

This Court is currently unable to conclude that a solidary obligor was not named in the original petition to interrupt prescription to a later added Drastic Air, in my opinion. The original petition named "Sky Zone" as a defendant. After the one-year anniversary of the alleged injuries, "Sky Zone, LLC" was substituted for "Sky Zone." Sky Zone, LLC was alleged to have been negligent in designing and manufacturing the equipment for the park and negligent in instructing the use of the equipment. If this amendment relates back, Sky Zone, LLC was always in the case from the point of the original timely filed petition. La.Code Civ.P. art. 1153. If Sky Zone, LLC is found to be solidarily liable with Drastic Air, prescription is interrupted against Drastic Air. La.Civ. Code art. 3503.

To fully determine whether the claims against Drastic Air have prescribed, the court would tacitly have to find that the claims against Sky Zone, LLC have prescribed, *but no party has raised an exception of prescription regarding the claims against Sky Zone, LLC.* Therefore, until the issue is raised at the trial level, and it is determined by the trial court whether the Sky Zone, LLC substitution relates back to the original petition, the granting of the exception of prescription in favor of Drastic Air is premature.